[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15699
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00144-MSS-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERWIN DARRYL FRITTS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 8, 2016)

Before HULL, MARCUS and FAY, Circuit Judges.

HULL, Circuit Judge:

After pleading guilty, Derwin Fritts appeals his total 180-month sentence for three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  The district court sentenced Fritts as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on Fritts's prior convictions for: (1) aggravated assault and aggravated battery, in violation of Florida Statutes §§ 784.021, 784.045; (2) robbery with a firearm, in violation of Florida Statutes § 812.13, and (3) sale of cocaine, in violation of Florida Statutes § 893.13.

On appeal, Fritts argues that the district court erred in concluding that his 1989 armed robbery conviction qualifies as a "violent felony" under the elements clause of the ACCA.[1]  After review, we affirm.

## I.  THE ACCA

Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years (180 months) if he has three prior convictions for a "violent felony" or "serious drug offense."  18 U.S.C. § 924(e)(1).  A "violent felony" is any offense punishable by a term of imprisonment exceeding one year that:

    (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[1]On appeal, Fritts does not challenge either of the other two qualifying predicate convictions, and we do not address them further.

2

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is referred to as the "elements clause," while the second prong contains the "enumerated crimes" clause and, finally, what is commonly called the "residual clause."  United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).  Fritts's appeal concerns only the elements clause, as robbery is not an enumerated crime, and the Supreme Court struck down the ACCA's residual clause as unconstitutionally vague in Johnson v. United States, 576 U.S. ___, ___, 135 S. Ct. 2551, 2557-58, 2563 (2015).  Thus, we address whether a 1989 conviction for armed robbery with a firearm under Florida law "has as an element the use, attempted use, or threatened use of physical force against the person of another" within the meaning of the ACCA.

## II.  FLORIDA ROBBERY STATUTE

Fritts committed his armed robbery offense in July 1988 and was convicted in June 1989.  At the time of Fritts's offense, Florida's robbery statute set forth the elements of robbery and robbery with a firearm or other deadly weapon as follows:

(1) "Robbery" means the taking of money or other property which may be the subject of a larceny from the person or custody of another when in the course of the taking there is the use of <u>force, violence, assault, or putting in fear</u>.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not

exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 812.13(1), (2)(a) (1987) (emphasis added).  The requirement that the defendant, in the course of the taking, use "force, violence, assault, or putting in fear" has been an element in Florida's robbery statute since at least the 1970s.  See United States v. Seabrooks, ___ F.3d ___, 2016 WL 6090860, at *10 (11th Cir. Oct. 19, 2016).[2]

### III.  DOWD AND ITS PROGENY

In 2006, this Court held in United States v. Dowd that a 1974 Florida conviction for armed robbery was "undeniably a conviction for a violent felony" under the ACCA's elements clause.  451 F.3d 1244, 1255 (11th Cir. 2006).  This Court reached this conclusion "without difficulty" and cited only the ACCA's elements clause.  Id.

In several recent cases, this Court has followed Dowd to conclude that other Florida robbery convictions in 1980, 1986, and 1995 qualified as ACCA predicate

---

[2]As we noted in Seabrooks, in 1992, the robbery statute in § 812.13(1) was amended to add this language: "with intent to either permanently or temporarily deprive the person or the owner of the money or other property."  See Seabrooks, ___ F.3d at ____, 2016 WL 6090860, at *10 n.6; 1992 Fla. Laws 155, § 1.  But, the language of "the use of force, violence, assault, or putting in fear," remained the same.  After 1992, the robbery statute reads:

> (1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1)(1993).

convictions under the elements clause.  See In re Hires, 825 F.3d 1297 (11th Cir.

2016) (rejecting the claim that Descamps v. United States, 570 U.S. __, 133 S. Ct.

2276 (2013), undermined our precedent in Dowd and holding that the defendant's

1995 Florida robbery conviction qualified as a violent felony under the ACCA's

elements clause, which includes "any felony that 'has as an element the use,

attempted use, or threatened use of physical force'"); In re Thomas, 823 F.3d 1345,

1349 (11th Cir. 2016) (citing Dowd and holding that the defendant's 1980 and

1986 Florida "convictions for armed robbery qualify as ACCA predicates under

the elements clause"); In re Moore, 830 F.3d 1268, 1271 (11th Cir. 2016)

(concluding that the defendant's two Florida robbery-with-a-firearm convictions

and his armed robbery conviction "qualify as violent felonies under our binding

precedent" in Dowd and Thomas).  Under Dowd and its progeny alone, we must

conclude that a Florida armed robbery conviction, such as Fritts's, qualifies as a

violent felony under the ACCA's elements clause.[3]

## IV.  LOCKLEY

Our Dowd precedent and our conclusion here are also supported by our

decisions holding that a Florida robbery conviction under § 812.13(1), even

without a firearm, qualifies as a "crime of violence" under the elements clause in

---

[3]We acknowledge that this opinion uses the discussion in Sections IIIB, C, and F of Seabrooks.  See Seabrooks, ___ F.3d at ___, 2016 WL 6090860, at *10, 13.  Given that these sections were a single judge concurrence, we now use that same analysis as the panel opinion here.

5

the career offender guideline in U.S.S.G. § 4B1.2(a), which has the same elements clause as the ACCA. United States v. Lockley, 632 F.3d 1238, 1245 (11th Cir. 2011); In re Robinson, 822 F.3d 1196, 1197 (11th Cir. 2016) (citing Lockley and concluding that the defendant's 1991 armed robbery offense has "as an element the use, attempted use, or threatened use of physical force against the person of another").[4] We review Lockley's analysis about the elements in the Florida robbery statute because it underscores why Dowd and its progeny were correctly decided.

Applying the pure categorical approach in Lockley, this Court examined the elements of a robbery offense under Florida law, starting with "the taking of money or other property." See § 812.13(1); Lockley, 632 F.3d at 1240 ("We . . . disregard the facts of the underlying conviction and look only to the elements of Lockley's prior conviction."). Applying Florida law about the elements, the Lockley Court found (1) that the taking must be by use of force, violence, assault, or putting the victim in fear, and (2) that "the fear contemplated by the statute is the fear of death or great bodily harm," stating:

---

[4]Because the relevant parts of the definition of "violent felony" under the ACCA and "crime of violence" under the sentencing guidelines are identical, this Court often considers cases interpreting the language in the sentencing guidelines as authority in cases interpreting the language in the ACCA. See U.S.S.G. § 4B1.2(a) (providing a crime of violence includes an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"); see also United States v. Alexander, 609 F.3d 1250, 1253 (11th Cir. 2010); United States v. Rainey, 362 F.3d 733, 735 (11th Cir. 2004).

6

The taking referred to "must be by the use of force or violence or by assault so as to overcome the resistance of the victim, or by putting him in fear so that the victim does not resist." Fla. Std. Jury Instr. (Crim.) 15.1. The property taken need not be taken from the actual person of the victim, but must be sufficiently under his control "so that it cannot be taken without the use of force, violence, or intimidation directed against the victim." Id. Assault, in turn, is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011(1). And, "[t]he fear contemplated by the statute is the fear of death or great bodily harm." Magnotti v. State, 842 So. 2d 963, 965 (Fla. 4th Dist. Ct. App. 2003) (internal quotation marks omitted).

632 F.3d at 1242 (footnote omitted).

The Lockley Court then concluded that the "commission of robbery in violation of Fla Stat. § 812.13(1) necessarily requires that the defendant":

(1) commit a taking of money or other property from another person or in the custody of another person (2) with the intent to permanently or temporarily deprive the person of the money or property or any benefit thereof (3) using force, violence, or an intentional threat of imminent force or violence against another coupled with an apparent ability to use that force or violence, or by causing the person to fear death or great bodily harm (4) where the money or property has value.

Id. at 1242-43 (emphasis added).[5] Applying the categorical approach, the Lockley Court analyzed the least culpable of the acts in § 812.12(1), which was "putting in fear." The Lockley Court stressed that (1) "'putting in fear,' per Florida law,

---

[5]The Lockley Court also determined: "These elements hew almost exactly to the generic definition of robbery." Id. at 1243. As to generic robbery, Lockley states that the generic definition is "the taking of property from another person or from the immediate presence of another person by force or intimidation." Lockley, 632 F.3d at 1244 (quotation marks omitted). Under the generic approach, intimidation is the fear of bodily harm. Id.

7

involves an act causing the victim to fear death or great bodily harm," (2) "[w]e can conceive of no means by which a defendant could cause such fear absent a threat to the victim's person," and (3) "[t]he bare elements of § 812.13(1) . . . satisfy the elements . . . clause[] of U.S.S.G. § 4B1.2(a)." Id. at 1244-45 (citation and footnote omitted).

Later on, the Lockley Court repeated that (1) "robbery under that statute requires either the use of force, violence, a threat of imminent force or violence coupled with apparent ability, or some act that puts the victim in fear of death or great bodily harm," (2) "[a]ll but the latter option specifically require the use or threatened use of physical force against the person of another," (3) "we find it inconceivable that any act which causes the victim to fear death or great bodily harm would not involve the use or threatened use of physical force," and (4) "[s]ection 812.13(1) accordingly has, as an element, the 'use, attempted use, or threatened use of physical force against the person of another.' U.S.S.G. § 4B1.2(a)(1)." Id. (emphasis added).  In Lockley this Court thus held that Florida robbery is categorically a crime of violence under the elements of even the least culpable of these acts criminalized by Florida Statutes § 812.13(1).[6]

---

[6]Lockley's conviction was for "attempted robbery" in violation of Florida Statutes § 812.13(1) and § 777.04(1).  The Lockley Court said that "because the commentary explicitly states that the attempt to commit a 'crime of violence' is itself a 'crime of violence,' Lockley's attempted robbery conviction categorically qualifies under the elements clause as a predicate for the career offender enhancement."  632 F.3d at 1245.  Since Fritts's conviction was not for attempt but for armed robbery, we need not review further Lockley's discussion of attempt.

8

As an alternate and independent ground, we hold here that under Lockley alone a Florida armed robbery conviction under § 812.13(a) categorically qualifies as a violent felony under the ACCA's elements clause.

## V.  FRITTS'S ARMED ROBBERY CONVICTION

Both Dowd and Lockley thus control the outcome of this case and require us to conclude that Fritts's armed robbery conviction qualifies as a violent felony under the ACCA's elements clause.  In an effort to circumvent our binding precedent, Fritts argues that Dowd was abrogated by Curtis Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265 (2010).  But, Fritts's argument ignores the fact that Lockley was decided after and cited Curtis Johnson.  Thus, Lockley binds us here.  Under this Court's prior panel precedent rule, there is never an exception carved out for overlooked or misinterpreted Supreme Court precedent.  See Smith v. GTE Corp., 236 F.3d 1292, 1303 (11th Cir. 2001) ("[W]e categorically reject any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at the time.").

In any event, we conclude that nothing in Curtis Johnson, a simple battery case, undermines our binding precedent in Dowd or Lockley about robbery and armed robbery crimes.  In Curtis Johnson, the Supreme Court considered whether the Florida offense of simple battery by "touching" another person had as an

9

element the use of physical force.  559 U.S. at 135, 130 S. Ct. at 1268.  The Supreme Court noted that a conviction for simple battery "ordinarily is a first-degree misdemeanor . . . but is a third-degree felony for a defendant who (like Johnson) has been convicted of battery (even simple battery) before."  Id. at 136, 130 S. Ct. at 1269.  Thus, Curtis Johnson's simple battery conviction was for only touching, conduct that was a misdemeanor but for his prior conviction.  Furthermore, Curtis Johnson did not involve (1) an act that put the victim "in fear of death or great bodily harm," which Lockley held that "putting in fear" under Florida robbery law requires, or (2) the "attempted" or "threatened use of physical force," which is also included in the elements clause.  See Lockley, 632 F.3d at 1244; see also Leocal v. Ashcroft, 543 U.S. 1, 8-9, 125 S. Ct. 377, 382 (2004) (discussing negligence and cautioning that "[w]e do not deal here with an attempted or threatened use of force").  Fritts cannot use Curtis Johnson to circumvent Dowd or Lockley.

Fritts also argues that before the Florida Supreme Court's 1997 decision in Robinson v. State, 692 So. 2d 883, 886 (Fla. 1997), only the slightest force was sufficient to convict a defendant of Florida robbery.  In fact, in Robinson the Florida Supreme Court made clear that the § 812.13 robbery statute has never included a theft or taking by mere snatching because snatching is theft only and does not involve the degree of physical force needed to sustain a robbery

conviction under § 812.13(1).[7] <u>Robinson v. State</u>, 692 So. 2d 883, 886 (Fla.
1997); <u>McCloud v. State</u>, 335 So. 2d 257, 258-59 (Fla. 1976); <u>Montsdoca v. State</u>,
93 So. 157, 159 (Fla. 1922).

In 1997, the Florida Supreme Court in <u>Robinson</u> pointed to its own 1976
decision in <u>McCloud</u> and stressed that robbery requires "more than the force
necessary to remove the property" and in fact requires both "resistance by the
victim" and "physical force by the offender" that overcomes that resistance,
stating:

> In accord with our decision in <u>McCloud</u>, we find that in order
> for the snatching of property from another to amount to robbery, the
> perpetrator must employ more than the force necessary to remove the
> property from the person.  Rather, there must be resistance by the
> victim that is overcome by the physical force of the offender.

---

[7]In 1999, Florida enacted a wholly separate statute, § 812.131, which proscribes sudden
snatching.  <u>See</u> 1999 Fla. Laws 175.  Florida's sudden snatching statute requires only a taking
and no physical force:
> (1) "Robbery by sudden snatching" means the taking of money or other property
> from the victim's person, with intent to permanently or temporarily deprive the
> victim or the owner of the money or other property, when, in the course of the
> taking, the victim was or became aware of the taking.  <u>In order to satisfy this
> definition, it is not necessary to show that</u>:
> (a) <u>The offender used any amount of force beyond that effort necessary to obtain
> possession of the money or other property</u>; or
> (b) There was any resistance by the victim to the offender or that there was injury
> to the victim's person.
Fla. Stat. § 812.131 (1999) (emphasis added).  As explained herein, the Florida courts for
years held that the robbery statute in § 812.13 required resistance by the victim and
physical force by the offender, and did not cover mere sudden snatching.  This new
sudden snatching statute was apparently needed because § 812.13 (robbery) did not cover
sudden snatching where there was no resistance by the victim and no physical force to
overcome it.

Id.  In Robinson, the Florida Supreme Court reaffirmed that "[t]he snatching or grabbing of property without such resistance by the victim amounts to theft rather than robbery."  Id. at 887.  The Robinson court further stated that "Florida courts have consistently recognized that in snatching situations, the element of force as defined herein distinguishes the offenses of theft and robbery."  Id.  In other words, Robinson reaffirmed that merely snatching property—without resistance by the victim and use of physical force to overcome the victim's resistance—did not constitute a robbery under § 812.13(1).

When the Florida Supreme Court in Robinson interprets the robbery statute, it tells us what that statute always meant.  Rivers v. Roadway Express, Inc., 511 U.S. 298, 312-13 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."); id. at 313 n.12 ("[W]hen this Court construes a statute, it is explaining its understanding of what the statute has meant continuously since the date when it became law.").  This is patently true here because Robinson said its holding was "[i]n accord with [its] decision in McCloud" in 1976.  See Robinson, 692 So. 2d at 886.

Indeed, since 1922, the Florida Supreme Court has held that "the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance."  Montsdoca, 93 So. at 159.  Notably, the Florida

12

Supreme Court instructed: "There can be no robbery without violence, and there can be no larceny with it. It is violence that makes robbery an offense of greater atrocity than larceny." Id.

In sum, based on our precedent in Dowd and Lockley, and in light of the Florida Supreme Court's decisions in Robinson, McCloud, and Montsdoca, we conclude that Fritts's Florida armed robbery conviction under § 812.13 categorically qualifies as a "violent felony" under the ACCA's elements clause.

## VI. CONCLUSION

For all of these reasons, we must affirm Fritts's total 180-month sentence.

**AFFIRMED.**