[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17661
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20489-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMEL REMYMARTIN SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 8, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jeremel Remymartin Smith appeals his conviction for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). After careful review, we affirm.

I.

On the night of December 18, 2015, City of Miami Police Officers DeWitt and Bernal were dispatched to a house to respond to a domestic dispute. When they arrived, the officers saw a man standing next to a parked car outside of the house. Upon seeing the police officers, the man ran inside the house. Officer Bernal went after him. Meanwhile, Officer DeWitt approached the parked car after hearing "loud music" coming from inside of it.

Officer DeWitt saw that someone was inside the car using a cell phone. It was Smith. Because the car's side windows were tinted, Officer DeWitt walked in front of the car in order to see through the untinted windshield. He then saw Smith was sitting next to an open beer and a gun, both of which were resting on the car's center console. After seeing the gun in the car with Smith, Officer DeWitt drew his own gun and yelled for Officer Bernal to join him. Officer Bernal knocked on the car's window in order to get Smith's attention, and ordered him to step out of the car with his hands up. Smith, apparently, had not realized the officers were there. The knock on the window startled him, but he immediately regained his composure and put his hands up, stepped out of the car, and placed his hands on

2

the car's roof.  Officer Bernal then patted Smith down and found a holster in his waistband.  The officers arrested Smith after determining he was a convicted felon and read him his Miranda rights.  Smith then told the officers he had the gun because "his mother got jumped, and he carrie[d] it for protection."  Upon seizing the gun, the officers found it had one round in the chamber.

Smith was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  The jury convicted him after a two-day trial.  During deliberations, the jury sent the district court a note asking for clarification on what "actual possession" meant and if it required Smith to have actually held the gun.  Both parties had earlier agreed to the Eleventh Circuit Pattern Instruction on possessing a firearm, which explains several types of possession including actual possession, constructive possession, sole possession, and joint possession.  Neither party objected after the court read that instruction. After receiving the jury's note, both parties agreed the jury must rely on the given instruction.  After they agreed, the district court responded to the jury, saying: "Please rely on the jury instructions that you have a copy of."

The Presentence Investigation Report ("PSR") recommended a guidelines range of 100 to 125 months.  Smith made a number of objections to the PSR, including the argument that his earlier Florida robbery conviction for purse snatching did not qualify as a "crime of violence" for the purposes of United States

3

Sentencing Guidelines ("USSG") § 2K2.1(a)(2).  The district court overruled

Smith's objection but agreed that the PSR "overrepresent[ed]" his criminal history.

The district court therefore calculated his guideline range using Category V instead

of Category VI, resulting in a range of 92 to 115 months imprisonment.  The court

sentenced Smith to 100-months imprisonment.  This appeal followed.

## II.

Smith first argues the district court erred in giving the jury an instruction

about "actual possession" because, on the facts of this case, it was not possible for

him to have actually possessed the gun found in the car.  Ordinarily, we review de

novo any challenge to the jury's instructions.  United States v. Felts, 579 F.3d

1341, 1342 (11th Cir. 2009) (per curiam).  However, the record shows Smith

agreed to the district court's proposed instructions.  This Court has held "where a

defendant agrees to the court's proposed instructions, the doctrine of invited error

applies."  United States v. Carter, 776 F.3d 1309, 1323 (11th Cir. 2015) (quotation

omitted).  That means "review is waived even if plain error would result."  Id.

(quotation omitted).  We therefore must affirm the district court.

## III.

Smith also objects to the categorization of his earlier Florida robbery

conviction as a "crime of violence" under USSG § 2K2.1(a)(2).  He concedes this

Court's precedent in United States v. Fritts, 841 F.3d 937 (11th Cir. 2016), and

United States v. Seabrooks, 839 F.3d 1326 (11th Cir. 2016), precludes any relief on this claim, but wishes to preserve his objection in case the Supreme Court grants the pending petitions for certiorari in either of these two cases. We note his objection for the record.

**AFFIRMED.**