[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17756
Non-Argument Calendar
_____

D.C. Docket Nos. 2:16-cv-14264-DMM,
2:00-cr-14069-DMM-1

RUBIN DEXTER BAXTER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 5, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES, and JILL PRYOR, Circuit
Judges.

PER CURIAM:

Rubin Baxter was convicted in 2002 of being a felon in possession of a

firearm.  His sentence was enhanced under the Armed Career Criminal Act based on a 1987 Florida conviction for armed robbery, 1987 Florida convictions for armed robbery and kidnapping, and a 1990 conviction for selling and delivery of cocaine.  After the Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), Baxter filed a motion to vacate his sentence under 28 U.S.C. § 2255, contending that his two Florida armed robbery convictions and his Florida kidnapping conviction no longer qualified as violent felonies under the ACCA.  The district court denied that motion but granted a Certificate of Appealability as to whether his 1987 armed robbery convictions qualified as violent felonies.

For a defendant's sentence to be enhanced under the ACCA, he must have at least three earlier convictions for "violent felonies" or "serious drug offenses" at the time he is sentenced.  See 18 U.S.C. § 924(e)(1).  The ACCA defines a "violent felony" as any crime punishable by more than one year of imprisonment that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) "is burglary, arson, or extortion, [or] involves the use of explosives" (the enumerated offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause).  Id. § 924(e)(2)(B).  In Johnson, the Supreme Court held that the residual clause was unconstitutionally vague, 135 S.

2

Ct. 2551, and it later made that holding retroactive, <u>Welch v. United States</u>, 578 U.S. \_\_\_, 136 S. Ct. 1257 (2017). It follows that, if Baxter's 1987 Florida armed robbery convictions qualified as violent felonies only under the residual clause, he would be entitled to relief under § 2255 because he would have, at most, two past convictions for a violent felony or serious drug offense.[1]

This Court has already concluded, however, that armed robbery convictions under Florida's robbery statute qualify as violent felonies under the ACCA's elements clause. <u>United States v. Fritts</u>, 841 F.3d 937 (11th Cir. 2016). As a result, the Supreme Court's decision in <u>Johnson</u> has no application to this case.

Baxter protests that, at the time he was convicted of armed robbery, "sudden snatching" using "any degree of force" was sufficient to allow a defendant to be convicted of robbery in Florida because the Florida Supreme Court had not yet decided <u>Robinson v. State</u>, 692 So.2d 883 (Fla. 1997). That decision explained that "in order for the snatching of property from another to amount to robbery, the perpetrator must employ more than the force necessary to remove the property from the person[:] there must be resistance by the victim that is overcome by the

---

[1] Baxter does not contend his 1990 conviction for selling and delivering cocaine should not count as a serious drug offense under the ACCA. And we need not consider his contention that his kidnapping conviction does not qualify as a violent felony conviction because that question is beyond the scope of the Certificate of Appealability in this case. Plus, as we explain below, Baxter's two armed robbery convictions do qualify as violent felonies. As a result, even if his kidnapping conviction did not count as a violent felony, Baxter has three convictions for a violent felony or serious drug offense: the two robbery convictions and his conviction for selling and delivering cocaine.

3

physical force of the offender." Id. at 886. Baxter contends that, before the Robinson decision, Florida's robbery statute did not require the degree of force necessary for a conviction to qualify as an ACCA predicate under the elements clause.

But we squarely rejected that argument in our Fritts decision. 841 F.3d at 942–44. And we are bound by that decision, regardless of whether we agree with it. Perez-Guerrero v. U.S. Att'y Gen., 717 F.3d 1224, 1231 (11th Cir. 2013) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even [if] convinced it is wrong.") (quotation marks omitted) (alteration in original).

Attempting to avoid the inevitable, Baxter argues that Fritts does not apply here because the defendant's armed robbery conviction in that case was obtained within the jurisdiction of Florida's Second District Court of Appeal, but his conviction was obtained within the Fourth District. Baxter claims that when he was convicted of robbery in 1987 the Fourth District, unlike the Second District, had suggested that snatching was sufficient to support a robbery conviction.

That, however, is irrelevant. We are concerned with what sufficed to allow a conviction for burglary in Florida as a whole, not in the Fourth District alone. As we explained in Fritts itself, "[w]hen the Florida Supreme Court in Robinson interpret[ed] the robbery statute, it [told] us what that statute always meant." Fritts, 841 F.3d at 943; accord Rivers v. Roadway Express, Inc., 511 U.S. 298,

4

312–13, 114 S. Ct. 1510, 1519 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."). As a result, Florida's "robbery statute has never included a theft or taking by mere snatching because snatching is theft only and does not involve the degree of physical force needed to sustain a robbery conviction." Fritts, 841 F.3d at 942.

Even if Baxter is right that, before Robinson, the Fourth District Court of Appeal reached a contrary conclusion in its Santiago v. State decision, 497 So.2d 975, 976 (Fla. 4th DCA 1986), we look to state intermediate courts of appeal to determine the content of state law only where the state's highest court has not spoken. See McMahan v. Toto, 311 F.3d 1077, 1080 (11th Cir. 2002) ("[A]bsent a decision from the state supreme court on an issue of state law, we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently."). In this case, the Florida Supreme Court has spoken and, as we explained in Fritts, consistently held that mere snatching was never enough to support a robbery conviction. Fritts, 841 F.3d at 942–43. So it does not matter if the Fourth District Court of Appeal (or any other intermediate appellate court) may have thought otherwise.

If Baxter believes that the courts in the Fourth District misapplied state law

by allowing him to be convicted of robbery in 1987 based on mere snatching, that was an issue he should have raised on direct appeal from his armed robbery convictions or in collateral proceedings challenging them.  That the Fourth District may have erred in interpreting Florida law in Baxter's robbery cases or in other cases, however, has no bearing on whether convictions under Florida's robbery statute, as a categorical matter, qualify as violent felonies under the ACCA's elements clause.  Cf. Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276, 2283 (2013) (explaining that "[s]entencing courts may look only to the statutory definitions . . . of a defendant's prior offenses, and not to the particular facts underlying those convictions," when determining whether an earlier conviction qualifies as a violent felony under the ACCA) (quotation marks omitted).

Our decision in United States v. Welch, 683 F.3d 1304 (11th Cir. 2012), does not compel a contrary conclusion.  There we assumed that, before Robinson, mere snatching did qualify as robbery under Florida law, and we said that: (1) precedent from the Florida Supreme Court suggested that "any degree of force" could support a conviction for robbery; (2) the Florida district courts of appeal were divided on the issue and the district where Welch was convicted had not definitively weighed in; and (3) Welch pleaded guilty before Robinson was decided.  Id. at 1311.  But all of that is dicta.  We ultimately concluded that, even assuming Florida considered snatching to be robbery, a Florida robbery conviction

6

qualified a violent felony under the ACCA's residual clause. Id. at 1311–14.[2] As a result, any discussion of whether a pre-Robinson robbery conviction qualified as a violent felony under the elements clause was not necessary to our holding and does not bind us now. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 762 (11th Cir. 2010) ("Statements in an opinion that are not fitted to the facts . . . , or that extend further than the facts of that case . . . , or that are not necessary to the decision of an appeal given the facts and circumstances of the case . . . are dicta. We are not required to follow dicta in our prior decisions. Nor for that matter is anyone else.") (quotation marks and citations omitted). Our decision in Fritts, on the other hand, squarely held that pre-Robinson armed robbery convictions qualify as violent felonies under the elements clause. That decision controls the outcome of this case.[3]

Because Baxter's 1987 armed robbery convictions still qualify as violent felonies in the wake of Johnson, his sentence was properly enhanced under the

---

[2] The Welch decision's holding, of course, has been abrogated by the Supreme Court's decision in Johnson, 135 S. Ct. 2551, which held that the residual clause was unconstitutionally vague. But the fact that use of the residual clause was later rejected by the Supreme Court does not make the assumptions we indulged to reach that (erroneous) holding any less dicta.

[3] Baxter also cites various post-Robinson cases from the Florida Courts of Appeal to suggest that, even after Robinson, the amount of force necessary to commit a robbery in Florida is not sufficient to bring that offense within the elements clause. But that argument is squarely foreclosed by a long line of precedent from this Court, including Fritts, which has held that, both pre- and post-Robinson violations of Florida's robbery statute do qualify as a violent felonies under the ACCA's elements clause. Fritts, 841 F.3d 937; United States v. Seabrooks, 839 F.3d 1326, 1340–41 (11th Cir. 2016); id. at 1346 (Baldock, J., concurring); United States v. Dowd, 451 F.3d 1244, 1255 (11th Cir. 2006).

ACCA.  The district court did not err by denying his § 2255 motion.

**AFFIRMED.**