[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16427
Non-Argument Calendar
_____

D.C. Docket No. 1:03-cr-20102-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

KELVIN PACE,

Defendant-Appellee.

_____

No. 16-16429
Non-Argument Calendar
_____

D.C. Docket Nos.  1:16-cv-21794-CMA,
1:03-cr-20102-CMA-1

KELVIN PACE,

Petitioner-Appellee,

versus

UNITED STATES OF AMERICA,

Respondent-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(September 29, 2017)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

The Government appeals the district court's grant of Kelvin Pace's motion
to vacate sentence, 28 U.S.C. § 2255. Pace had been sentenced to 235 months'
imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).
The Government asserts the district court erred by concluding Pace lacked a
sufficient number of predicate "violent felonies" in light of *Johnson v. United
States*, 135 S. Ct.  2551 (2015). After review,[1] we reverse and remand to the
district court.

---

[1] In a 28 U.S.C. § 2255 proceeding we review a district court's findings of fact for clear
error, and its legal conclusions *de novo*.  *Garcia v. United States*, 278 F.3d 1210, 1212 (11th Cir.
2002).

2

Pace contends the cases cited by the Government are unpersuasive. We do not agree. Following close review, we conclude our binding precedent counsels in favor of reversal and remand because, in light of his convictions for Florida robbery pursuant to Florida Statue § 812.13, Pace has a sufficient number of predicate "violent felonies" to support an armed career criminal designation under the ACCA. *See United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016); *United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011); *United States v. Dowd*, 451 F.3d 1244 (11th Cir. 2006).  The district court's amended judgment is **VACATED**.  The district court's order granting Pace's motion to vacate sentence is **REVERSED**. We **REMAND** to the district court for reinstatement of its original judgment and further action consistent with this opinion.