[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17173
Non-Argument Calendar

_____

D.C. Docket No. 1:94-cr-00041-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

STEVEN JACKSON,

Defendant-Appellee.

_____

No. 16-17334
Non-Argument Calendar

_____

D.C. Docket Nos.  1:16-cv-22649-UU; 1:94-cr-00041-UU-1

STEVEN JACKSON,

Petitioner-Appellee,

versus

UNITED STATES OF AMERICA,

Respondent-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(November 27, 2017)

Before HULL, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

The United States appeals the judgment that vacated Steven Jackson's sentence to 360 months of imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), and resentenced him to 324 months of imprisonment. 28 U.S.C. § 2255. The district court ruled that Jackson lacked sufficient predicate offenses to be sentenced as an armed career offender because, in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), his conviction in 1976 for robbery with a firearm, Fla. Stat. § 812.13 (1974), was not a "violent felony," 18 U.S.C. § 924(e)(2)(B). Based on our recent decision in *United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2264 (2017), we vacate Jackson's reduced sentence and remand for the district court to reinstate his original sentence of 360 months of imprisonment.

The district court erred by granting Jackson's motion to vacate. We have held repeatedly that a conviction in Florida for robbery, Fla. Stat. § 812.13,

2

qualifies categorically as a violent felony under the elements clause of the Act. *Fritts*, 841 F.3d at 939–42 (discussing *United States v. Dowd*, 451 F.3d 1244 (11th Cir. 2006), and *United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011)); *United States v. Seabrooks*, 839 F.3d 1326, 1338–45 (11th Cir. 2016). It makes no difference that Jackson was convicted under the 1974 statute instead of the 1987 statute that we considered in *Fritts*. Both statutes require that the offender take property "by force, violence, assault, or putting in fear." *See* Fla. Stat. § 812.13(1) (1974); *id.* § 812.13(1) (1987); *see also Seabrooks*, 839 F.3d at 1339 ("the robbery statute has included the requirement of 'force, violence, assault, or putting in fear' from the 1970's to the present"). Jackson's offense "requires [as an element] both 'resistance by the victim' and 'physical force by the offender' that overcomes that resistance." *Fritts*, 841 F.3d at 943 (quoting *Robinson v. State*, 692 So.2d 883, 886 (Fla. 1997)); *see also Lockley*, 632 F.3d at 1245. *Fritts* "is the law of this Circuit[ and] . . . bind[s] all subsequent panels unless and until the . . . holding is overruled by the Court sitting en banc or by the Supreme Court." *Seabrooks*, 839 F.3d at 1341 (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001)).

We **VACATE** Jackson's reduced sentence of 324 months of imprisonment and **REMAND** for the district court to reinstate Jackson's original sentence of 360 months of imprisonment.