[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14071

Non-Argument Calendar

_____

D.C. Docket No. 4:17-cr-00022-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARYL GOFPHIN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 6, 2018)

Before WILLIAM PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Daryl Gofphin pled guilty to possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court determined his offense level under the Sentencing Guidelines to be 21, and his criminal history category to be VI. It sentenced Mr. Gofphin to 60 months in prison, below the corresponding Guidelines range of 77 to 96 months.

Mr. Gofphin now appeals his sentence. His sole argument is that his offense level should have been lower because one of his two predicate crimes—"possession of cocaine with intent to sell or deliver," *see* Fla. Stat. § 893.13—lacks a *mens rea* element, and consequently is not a "controlled substance offense" under U.S.S.G. §§ 2K2.1(a) & 4B1.2(b).

As Mr. Gofphin recognizes, *see* Br. at 11, we have already rejected this argument in a published opinion. *See United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014). He argues, however, that "[t]he Court's reasoning in *Smith* was unsatisfactory." Br. at 14.

Whether or not *Smith*'s reasoning is "satisfactory," this panel is bound by it. *See United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016). Accordingly, we affirm Mr. Gofphin's sentence.

**AFFIRMED.**