[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13945
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20383-KMW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 22, 2018)

Before WILLIAM PRYOR, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Timothy Smith appeals the partial denial of his motion to vacate his sentence. 28 U.S.C. § 2255. The district court vacated Smith's sentence of 180 months of imprisonment under the Armed Career Criminal Act on the ground that his prior conviction for attempted manslaughter no longer qualified as a crime of violence after *Johnson v. United States*, 135 S. Ct. 2551 (2015), but it rejected a similar challenge to Smith's prior conviction for armed robbery as foreclosed by *United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016). Smith argues that his newly-imposed sentence of 108 months of imprisonment under the Sentencing Guidelines is procedurally and substantively unreasonable. Smith also argues, for the first time on appeal, that he did not receive notice "that 18 U.S.C. § 924(a) was going to be used to calculate his offense level," in violation of his right to due process under the Fifth Amendment. We affirm.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion. *United States v. Azmat*, 805 F.3d 1018, 1047 (11th Cir. 2010). We review whether the district court committed a procedural error, such as failing to calculate the guideline range or to explain the chosen sentence, and then we examine whether the sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). "When a party raises an argument for the first time on appeal, this Court reviews for plain error." *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir.), *cert. denied*, 138 S. Ct. 488 (2017). To prevail under that

2

standard, the defendant must prove that an error occurred that is plain and that affects his substantial rights. *Id.*

The district court did not procedurally err by counting Smith's prior conviction for armed robbery as a predicate offense when determining his base offense level under the Guidelines. As Smith concedes, his prior conviction for armed robbery, Fla. Stat. § 812.13(2), qualifies categorically as a crime of violence under *Fritts*. 841 F.3d at 939–42 (discussing *United States v. Dowd*, 451 F.3d 1244 (11th Cir. 2006), and *United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011)); *United States v. Seabrooks*, 839 F.3d 1326, 1338–45 (11th Cir. 2016). *Fritts* "is the law of this Circuit[ and] . . . bind[s] all subsequent panels unless and until the . . . holding is overruled by the Court sitting en banc or by the Supreme Court." *Seabrooks*, 839 F.3d at 1341 (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001)). Because Smith possessed a Romarm Cugir semiautomatic rifle that "is capable of accepting a large capacity magazine . . . and [he has] at least [one] felony conviction[] of . . . a crime of violence [and of] a controlled substance offense," the district court correctly calculated Smith's sentencing range using a base offense level of 26. *See* United Sentencing Guidelines Manual § 2K2.1(a)(1) (Nov. 2016).

Smith asks us to stay his appeal until the Supreme Court issues its decision in *Stokeling v. United States*, 138 S. Ct. 1438 (2018), but a stay is not appropriate.

3

We remain bound by our precedent in *Fritts* despite the grant of certiorari in *Stokeling*, which involves an *unarmed* robbery. "Until the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent" that forecloses Smith's challenge to his sentence. *See Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015). Smith also argues in his reply brief that his conviction for attempted second degree murder does not qualify as a crime of violence, but we decline to address an argument that Smith omitted from his initial brief. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005).

The district court also did not abuse its discretion by varying below Smith's advisory guideline range to impose a sentence of 108 months of imprisonment. Smith pleaded guilty to being a felon in possession of a firearm and, as the district court found, Smith had an "extensive criminal history" with convictions for attempted manslaughter, aggravated battery of a pregnant victim, battery, possession with intent to sell or deliver cocaine, attempted second degree murder with a deadly weapon, and armed robbery with a firearm. The district court also was entitled to consider other misconduct charged in Smith's indictment, to which he admitted by "fail[ing] to object to [the] allegations of fact in [his presentence report]," *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006), that he sold thousands of dollars in illegal drugs and nine firearms to undercover federal agents.

4

*See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The district court considered Smith's argument for leniency based on "the statutory [sentencing] factors" and "the presentence report," which described Smith's adolescent struggle with hyperactivity, a sexual assault he suffered in prison, and his completion of educational courses. *See* 18 U.S.C. § 3553(a). The district court also considered as "important factor[s]" that Smith "complet[ed] . . . the Anger Management Program, . . . [and] receiv[ed] [an] HVAC certification." And the district court rewarded Smith for his "steps forward . . . in prison" by varying downward and sentencing him to a term two months below the low end of his advisory guideline range of 110 to 120 months. Smith's sentence, which is well below his maximum statutory sentence of 10 years of imprisonment, is substantively reasonable.

Smith argues, for the first time, that he was denied due process because his indictment failed to allege that section 924(a) would "be used . . . to calculate his offense level" at resentencing, but an indictment "need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime," *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998). After Smith succeeded in having his sentence as an armed career criminal vacated, his plea of

5

guilty to possessing a firearm as a felon exposed him to a statutory sentence in prison for up to 10 years. *See* 18 U.S.C. §§ 922(g), 924(a)(2); *Welch v. United States*, 136 S. Ct. 1257, 1261 (2016). Smith requested a sentence less than the statutory maximum and received the relief that he sought. The district court committed no error, much less plain error, by using section 924(a) to calculate Smith's offense level.

We **AFFIRM** Smith's sentence.