[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11312
Non-Argument Calendar

_____

D.C. Docket No. 9:17-cr-80082-KAM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JON KYLE FRENCH,
ALLEN JAMES SWEETENBERG,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

Before WILLIAM PRYOR, GRANT and ANDERSON, Circuit Judges.

PER CURIAM:

Allen Sweetenberg and John French appeal their convictions and sentences

arising from their armed theft of marijuana. Sweetenberg challenges the denial of

his motion for a judgment to acquit him of possessing with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2, and the two-level enhancement of his base offense level for possession of a firearm, United States Sentencing Guidelines Manual § 2D1.1(b) (Nov. 2016). French challenges two evidentiary rulings and the use of his prior convictions for robbery, Fla. Stat. § 812.13(1), to enhance his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). We affirm.

We apply four standards of review in this appeal. We review the denial of a motion for a judgment of acquittal *de novo* and draw all inferences from the evidence in favor of the government. *See United States v. Evans*, 473 F.3d 1115, 1118 (11th Cir. 2006). We also review *de novo* the application of the Sentencing Guidelines to findings of fact, which we review for clear error. *See United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006). "Evidentiary rulings by the district court are reviewed for an abuse of discretion." *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009). But issues not presented to the district court are reviewed for plain error. *See United States v. Straub*, 508 F.3d 1003, 1101 (11th Cir. 2007). Under that standard, the defendant must prove that error occurred that is plain and that affected his substantial rights. *Id.* We review *de novo* whether a prior conviction counts as a predicate offense under the Armed Career Criminal Act. *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).

The district court did not err in denying Sweetenberg's motion for a judgment of acquittal. Testimony from Sweetenberg's girlfriend, Lashareesha Mays, his victims, Kason Lindor and Velton Riggon, and the investigator who searched Mays's car, Daniel Bauder of the Riviera Beach Police Department, proved that Sweetenberg possessed a backpack that he knew contained marijuana. *See* 21 U.S.C. § 841(a)(1). The jury could have reasonably found that Sweetenberg knowingly took possession of marijuana based on the evidence that he witnessed French's negotiations with Lindor and Riggon, that he pilfered their backpack containing marijuana, and that he returned to Mays's car with the backpack after asking her to drive him and French to a "transaction," which was a word that Sweetenberg used routinely to refer to a drug deal. *See United States v. Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996) (defining actual possession as "physical possession or . . . actual personal dominion over the thing allegedly possessed"). The jury also could have reasonably found that Sweetenberg knew the bag contained marijuana based on its "obvious" smell detected by Investigator Bauder and his discovery of paraphernalia commonly used to package marijuana for sale near Sweetenberg's wallet. And the jury could consider as further consciousness of guilt the evidence that Sweetenberg fled on foot when he saw a police car. *See United States v. Borders*, 693 F.2d 1318, 1324 (11th Cir. 1982). Ample evidence

3

supported the decision to deny Sweetenberg's motion and to submit the case to the jury.

Even if we were to assume that the district court erred by increasing Sweetenberg's base offense level based on French's possession of a firearm in connection with drug trafficking, U.S.S.G. § 2D1.1(b)(1), that error was harmless because it did not affect Sweetenberg's sentence. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded"). The addition of the two-point enhancement to Sweetenberg's base offense level of 8, U.S.S.G. § 2D1.1(c), made no difference because the district court adjusted his offense level to 17 for being a career offender, *id.* § 4B1.1(b)(6).

Errors in admitting a photograph of French's tattoo over his objection about its prejudicial effect and in denying his motion for a mistrial after being asked twice whether he was "a member of the black mafia family" were, at most, harmless in the light of the overwhelming evidence of his guilt. *See United States v. Phaknikone*, 605 F.3d 1099, 1109 (11th Cir. 2010). Testimony and forensic evidence proved that French unlawfully possessed a firearm, 18 U.S.C. § 922(g), used the firearm in furtherance of a drug trafficking crime, *id.* § 924(c), possessed with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), and conspired to tamper with government witnesses, 18 U.S.C. § 1512. Testimony from Mays, Lindor, and

Riggon proved that French forcibly took possession of more than 1,000 grams of marijuana using a long-barreled revolver, which he tossed out the window of Mays's vehicle while they attempted to outrun the police. The police discovered a revolver on the route Mays drove during the high-speed chase that matched the firearm described by Riggon and that was covered in French's genetic material. *See* 18 U.S.C. §§ 922(g), 924(c); 21 U.S.C. § 841(a)(1). Audio recordings of telephone calls that French made from jail also proved that he conspired to have cohorts entice or intimidate government witnesses to change their stories or to refuse to testify against him. *See* 18 U.S.C. § 1512(b)(1), (k). Moreover, because French decided to testify, the jury was entitled to disbelieve his story that two strangers committed the robbery and to consider his testimony as substantive evidence of his guilt. *See United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995). In the light of the substantial evidence of French's guilt, the photograph of his tattoo and the two questions about his gang membership had no "substantial and injurious effect or influence" on the jury. *See Phaknikone*, 605 F.3d at 1109. And the district court further eradicated any possible prejudice caused by the references to the gang by instructing the jury to "disregard the question . . . about any affiliation that [French] might have." *See United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009).

French argues, for the first time, that the government used the photograph of his tattoo impermissibly to portray him as a violent person, *see* Fed. R. Evid. 404(b), but the admission of the photograph did not constitute plain error. We cannot say that the photograph affected French's substantial rights when the government admitted without objection other evidence of French's penchant for violence. *See Straub*, 508 F.3d at 1101. Lindor and Riggon testified that French struck Riggon in the head with the revolver without cause. And the jury heard audio recordings of French's telephone calls from jail in which he bragged that he was "gonna put a check on a niggas head," and would "play this on the inside" to "make them niggas [Lindor and Riggon] do the right thing," and that he had "to push their hand" by "run[ning] them . . . on some aggressive shi*," "pop right up on they ass . . . [and] scare the shi* out of them," and let them know they were "on [his] list."

French concedes that his challenge to the use of his prior convictions to enhance his sentence is foreclosed by binding precedent. We held in *United States v. Fritts*, 841 F.3d 937, 940 (11th Cir. 2016), that a conviction for robbery under section 912.13 of the Florida Statutes categorically qualifies as a violent felony under the elements clause of the Armed Career Criminal Act. And recently the United States Supreme Court reached the same conclusion in *Stokeling v. United*

*States*, 139 S. Ct. 544 (2019). The district court correctly counted French's prior convictions as predicate offenses under the Act.

We **AFFIRM** Sweetenberg's and French's convictions and sentences.