[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14244
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cr-00101-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KORRE MAHON FULLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 30, 2019)

Before MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Korre Fuller appeals his sentence of 78 months of imprisonment for possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1), 924(a)(2). Fuller challenges the use of his two prior convictions for armed robbery, Fla. Stat. § 812.13(1), to enhance his sentence under the Sentencing Guidelines, U.S.S.G. § 2K2.1(a). We affirm.

We review *de novo* whether a prior conviction constitutes a crime of violence under the Sentencing Guidelines. *United States v. Dixon*, 874 F.3d 678, 680 (11th Cir. 2017).

Fuller concedes that his challenge to the use of his prior convictions to enhance his sentence is foreclosed by binding precedent. We held in *United States v. Fritts*, 841 F.3d 937, 940 (11th Cir. 2016), that a conviction for armed robbery under section 912.13 of the Florida Statutes categorically qualifies as a violent felony under the elements clause of the Armed Career Criminal Act. And recently the United States Supreme Court reached the same conclusion in *Stokeling v. United States*, 139 S. Ct. 544 (2019). Precedent that addresses whether an offense is a violent felony under the Act is also dispositive in deciding whether the offense qualified as a crime of violence under the elements clause of the Guidelines. *Fritts*, 841 F.3d at 940 & n.4. The district court correctly counted Fuller's prior convictions for armed robbery as predicate offenses under the Guidelines.

We **AFFIRM** Fuller's sentence.

2