[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10385

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WINEX EUGENE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:09-cr-60327-KMM-1

_____

Before BRASHER, ABUDU, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Winex Eugene appeals the district court's denial of his second *pro se* motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). Eugene argues that the district court abused its discretion when it denied his renewed motion to reduce his sentence under § 404(b) of the First Step Act because, contrary to the district court's determinaton, he was not barred from filing a second motion. Having read the parties' briefs and reviewed the record, we affirm Eugene's sentence.

## I.

"We review a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for abuse of discretion." *United States v. Stevens*, 997 F.3d 1307, 1312 (11th Cir. 2021).

## II.

District courts lack inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). The First Step Act permits district courts to reduce a previously imposed term of imprisonment for certain prisoners as if the Fair Sentencing Act were in effect at the time their offense was committed. First Step Act § 404(b).

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. § 841(b)(1) to reduce the sentencing disparity between crack and powder cocaine. *See Dorsey v. United States*, 567 U.S. 260, 268-69, 132 S. Ct. 2321, 2328-29 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack and powder cocaine offenses was disproportional and reflected race-based differences). Specifically, § 2(a)(1) raised the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum sentence from 50 to 280 grams, and § 2(a)(2) raised the quantity of crack cocaine threshold to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)-(2); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

In 2018, Congress enacted the First Step Act, which made retroactive for certain "covered offenses" the statutory penalties enacted under the Fair Sentencing Act. *See* First Step Act § 404. Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

Subsection (c) of Section 404 of the First Step Act states, in relevant part:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.

First Step Act § 404(c).

Under § 4B1.1(a) of the Sentencing Guidelines, a defendant is classified as a career offender if: (1) he was at least 18 years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) he had at least 2 prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.2(a). Under § 4B1.2(a), a "crime of violence" means any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c)." *Id.* § 4B1.2(a)(1), (2).

Eugene challenges his Florida robbery conviction as a crime of violence under the career offender guideline. However, we have held that "a Florida robbery conviction under § 812.13(1), even

without a firearm, qualifies as a 'crime of violence' under the elements clause in the career offender guideline." *United States v. Fritts*, 841 F.3d 937, 940 (11th Cir. 2016). We specifically rejected the defendant's argument that only minimal force was required for a Florida robbery conviction, stating that Florida caselaw established that "there must be resistance by the victim that is overcome by the physical force of the offender "and that there could be no robbery without violence. *Id.* at 943 (citation omitted). Moreover, later the Supreme Court in *Stokeling v. United States*, 586 U.S. 73, 85-86, 139 S. Ct. 544, 554-55 (2019) held that Florida's robbery statute had as an element the use, attempted use, or threatened use of physical force against another person. Thus, the Supreme Court concluded that a Florida robbery conviction qualified as a "violent felony" under the elements clause of the Armed Career Criminal Act ("ACCA"). *Id.* at 86.

Federal Rule of Criminal Procedure 52(a) provides that any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded. Harmless error analysis is applied to sentencing cases, and remand is unnecessary if the party defending the sentence persuades the appellate court that the district court would have imposed the same sentence absent the erroneous factor. *See Williams v. United States*, 503 U.S. 193, 203, 112 S. Ct. 1112, 1120-21 (1992).

**III.**

The record here demonstrates that the district court did abuse its discretion when it denied Eugene's second motion under

6                     Opinion of the Court                  24-10385

§ 404 of the First Step Act because, contrary to the district court's determination, § 404(c)'s bar did not apply. Eugene's second motion dealt with his career offender status and his first motion dealt with the reduction of the statutory maximum for his drug offense. As such, the district court's denial of his first motion was not on the same merits as his second motion, and application of the 404(c) bar was inapplicable.

However, we conclude this error was harmless because Eugene is still a career offender. Eugene's offense level would remain the same, regardless of any error, because it was based on his firearms offenses. Thus, with a criminal history in category VI, Eugene still qualifies as a career offender, and his sentence would be unchanged. Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Eugene's second motion under the First Step Act and affirm Eugene's sentence.

**AFFIRMED.**