**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13954

Non-Argument Calendar

_____

GOODSON DRUG CO., INC.,

J. LEE GOODSON,

                                                      *Plaintiffs-Appellants,*

*versus*

U.S. ATTORNEY GENERAL,

U.S. DEPUTY ATTORNEY GENERAL,

ADMINISTRATOR OF THE UNITED STATES DEA,

THE UNITED STATES DRUG ENFORCEMENT

ADMINISTRATION,

                                                      *Defendants-Appellees.*

_____

Appeal from the United States District Court

for the Northern District of Georgia

D.C. Docket No. 2:25-cv-00257-RWS

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

To dispense controlled substances, a pharmacy must maintain a registration with the United States Drug Enforcement Agency. *See* 21 U.S.C. §§ 822(a), 823(b). Last year, the agency ordered Goodson Drug Company to show cause as to why its registration should not be revoked on the grounds that its practices in dispensing opioids and other drugs raised "red flags" for patient abuse and diversion. *See id.* § 824(c).

Goodson filed suit in federal court. Among other claims (not relevant to this appeal), Goodson challenges the agency's adjudicative process as unconstitutional. Specifically, it contends that the statutory for-cause tenure protections enjoyed by the agency's administrative law judges usurp the President's removal power under Article II. *See* 5 U.S.C. § 7521(a). The district court declined to issue a preliminary injunction enjoining the agency's show cause proceedings. Because Goodson's theory is squarely foreclosed by our precedent, we affirm.

In *Walmart, Inc. v. Chief Administrative Law Judge*, 144 F.4th 1315 (11th Cir. 2025), we rejected a nearly identical challenge to § 7521(a)'s for-cause removal protections with respect to the administrative law judges housed under the Department of Justice's Office of the Chief Administrative Hearing Officer—a component of the Executive Office for Immigration Review. *Id.* at 1319, 1345–48. Goodson does not so much as try to distinguish that case from this one, arguing instead that the panel in *Walmart* got it wrong. But under our prior-panel-precedent rule, that case "is

25-13954                    Opinion of the Court                    3

binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."[1]  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

★     ★     ★

Unable to establish "a substantial likelihood of success on the merits," Goodson is not entitled to a preliminary injunction against the agency's show cause order.[2]  *See Palmer v. Braun*, 287 F.3d 1325, 1329, 1334–35 (11th Cir. 2002).  We **AFFIRM**.

---

[1] Goodson contends that our holding in *Walmart* contradicts the Supreme Court's earlier decision in *Axon Enterprise, Inc. v. Federal Trade Commission*, 598 U.S. 175 (2023).  We do not see how.  *Axon Enterprise* held that district courts have jurisdiction to decide constitutional claims challenging the structure of an agency's adjudicative process.  *Id*. at 180.  Rather than "resolve those challenges," the Supreme Court only addressed "where they may be heard." *Id*.  Here, there is no question that the district court properly exercised jurisdiction over Goodson's constitutional claim.  *Axon Enterprise* does not speak to the merits of that claim.  In any event, our prior-panel-precedent rule contemplates no carveout "for overlooked or misinterpreted Supreme Court precedent."  *United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016).

[2] Goodson forfeited its nondelegation and Article III theories by failing to raise them below.  *See Green v. Graham*, 906 F.3d 955, 963 (11th Cir. 2018).