[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11066
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20795-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEFALO LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 23, 2018)

Before WILSON, JORDAN and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g), Cefalo Lewis appeals his 180-month sentence, imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  After review, we affirm.

## I.  BACKGROUND

Prior to sentencing, the probation officer prepared a presentence investigation report that, inter alia, designated Lewis an armed career criminal based on these three qualifying ACCA predicate convictions: (1) a November 1999 Florida armed robbery conviction; (2) an October 2001 Florida conviction for the sale or delivery of cocaine with intent; and (3) a July 2004 Florida conviction for the sale or delivery of cocaine with intent.  Lewis objected, but only as to his Florida armed robbery conviction.  Lewis argued that his armed robbery conviction did not categorically qualify as a violent felony under the ACCA because Florida robbery does not have as an element the use, attempted use, or threatened use of physical force.  The government submitted a copy of Lewis's state sentencing order, which showed that, on November 20, 1999, Lewis pled guilty to armed robbery, in violation of Florida Statutes § 812.13(2)(a) and (b), and attempted aggravated battery, in violation of §§ 784.045, 777.04, and 775.087, and received concurrent three-year sentences.

2

At sentencing, the district court overruled Lewis's objection, stating that it was bound by this Court's precedent, including United States v. Lockley, 632 F.3d 1238 (11th Cir. 2011), and United States v. Fritts, 841 F.3d 937 (11th Cir. 2016), cert. denied, ___ U.S. ___, 137 S. Ct. 2264 (2017), which held that Florida robbery is a violent felony under the ACCA. The district court calculated Lewis's base offense level of 33 under U.S.S.G. § 4B1.4(b)(3)(B) and initially determined that Lewis's advisory guidelines range was 168 to 210 months' imprisonment. However, because the statutory minimum prison term under the ACCA is 15 years, the advisory guidelines range became 180 to 210 months' imprisonment. The district court imposed the mandatory minimum 180-month sentence required by the ACCA.

## II.  LEWIS'S ACCA CLAIM

On appeal, Lewis argues that the district court erred as to his Florida armed robbery conviction and that this Court's decision in Fritts was wrongly decided.[1]

Under the ACCA, a defendant convicted of being a felon in possession of a firearm who has three or more prior convictions for a "violent felony" or a "serious drug offense" is subject to a mandatory minimum 15-year sentence. 18 U.S.C. § 924(e)(1). Such a defendant may also be subject to increased guidelines

---

[1]We review de novo whether a prior conviction is a predicate offense within the meaning of the ACCA. United States v. Robinson, 583 F.3d 1292, 1294 (11th Cir. 2009).

3

calculations under U.S.S.G. § 4B1.4, the armed career criminal provision of the Sentencing Guidelines. See U.S.S.G. § 4B1.4(a)-(c).

The ACCA defines the term violent felony as any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause." United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).[2]

Florida robbery, both armed and strong arm, is criminalized by Florida Statutes § 812.13(2). Both now and in 1999, Florida law defined robbery for purposes of § 812.13(2) as the taking of money or other property, "when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1). Under the robbery statute, a defendant commits first degree robbery if he meets all of those elements and if, during the course of the robbery, the defendant carried either a weapon or a firearm or other deadly weapon. Fla.

---

[2]The Supreme Court recently struck down the residual clause of the ACCA as unconstitutionally vague, but clarified that it did not call into question the ACCA's elements clause. Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551, 2563 (2015).

Stat. § 812.13(2)(a), (b).  The defendant commits second degree robbery if he meets all of those elements and, during the course of the robbery, he does not carry a firearm, deadly weapon, or other weapon.  Fla. Stat. § 812.13(2)(c).

This Court has held that Florida armed robbery under § 812.13(1) and (2) categorically qualifies as a violent felony under the ACCA's elements clause. Fritts, 841 F.3d at 940-44 (11th Cir. 2016) (following our precedent in Dowd and Lockley and concluding, based on the Florida Supreme Court's decision in Robinson v. State, McCloud v. State, and Montsdoca v. State, that Florida "robbery requires more than the force necessary to remove the property and in fact requires both resistance by the victim and physical force by the offender that overcomes that resistance" (internal quotation marks omitted));[3] Lockley, 632 F.3d at 1245 (involving the identical elements clause of the Sentencing Guidelines' career offender provision and concluding Florida robbery in § 812.13(1) qualifies as a crime of violence under the elements clause); United States v. Dowd, 451 F.3d 1244, 1255 (11th Cir. 2006) (concluding "without difficulty" that a 1974 Florida armed robbery conviction was "undeniably a conviction for a violent felony" under the ACCA's elements clause).

The district court did not err by counting as one of Lewis's ACCA predicate convictions his 1999 Florida armed robbery conviction.  Under our precedent,

---

[3]Robinson v. State, 692 So. 2d 883, 886 (Fla. 1997); McCloud v. State, 335 So. 2d 257, 258-59 (Fla. 1976); Montsdoca v. State, 93 So. 157, 159 (Fla. 1922).

Florida armed robbery categorically qualifies as a violent felony under the ACCA's elements clause.  See Fritts, 841 F.3d at 940-42; Lockley, 632 F.3d at 1246; Dowd, 451 F.3d at 1255.  Although Lewis argues that Florida robbery can be committed without violent force, that argument is foreclosed by our precedent in Lockley and then Fritts, which held that robbery as defined in § 812.13(1) requires (and has always required) the use of violent force.  Although Lewis argues that our precedent is wrong, under our prior panel precedent rule, we are bound by our precedent unless and until it is overruled by this Court sitting en banc or by the Supreme Court.  See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008).[4]  Accordingly, we affirm Lewis's 180-month sentence.

    **AFFIRMED.**

---

[4]Contrary to Lewis's contention, United States v. Archer, 531 F.3d 1347 (11th Cir. 2008) does not control here.  Archer addressed whether a prior conviction for carrying a concealed weapon in violation of Florida Statutes § 790.01 was a crime of violence under the career offender provision of the Sentencing Guidelines, and said nothing about the elements of robbery or armed robbery under Florida Statutes§ 812.13(1) and (2).  See Archer, 531 at 1349.