[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10952
Non-Argument Calendar
_____

D.C. Docket No. 8:02-cr-00397-SCB-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE DIXON,
a.k.a. Ronnie Dickson,
a.k.a. Ronald Wilks,
a.k.a. Ronald C. Dixon,
a.k.a. Ronald E. Moore, Jr.,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 3, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Ronnie Dixon appeals his 280-month total sentence, a downward variance from the guideline range, imposed during resentencing after his original sentence was vacated in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In 2003, Dixon pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II) (Count 1); possessing a firearm during and in relation to a drug trafficking crime, in violation of 21 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(i) and 2 (Count 2); and possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e)(1), and 2 (Count 3). On appeal, he argues that he does not qualify as a career offender, U.S.S.G. § 4B1.1, because his Florida robbery convictions are not "crimes of violence" within the meaning of U.S.S.G. § 4B1.2.

We review *de novo* whether a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines. *United States v. Lockley*, 632 F.3d 1238, 1240 (11th Cir. 2011). Under the prior-panel-precedent rule, we are bound by our prior decisions unless and until they are overruled or undermined to the point of abrogation by the Supreme Court or us sitting *en banc*. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

2

Amendment 798 to the Sentencing Guidelines, effective August 1, 2016, eliminated the residual clause in U.S.S.G. § 4B1.2(a)(2). *See* U.S.S.G. App. C, Amend. 798. The Guidelines provide that a "crime of violence" means any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extrusion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." *Id.* § 4B1.2(a).

We have repeatedly read the definition of a violent felony under § 924(e) of the Armed Criminal Career Act ("ACCA") as virtually identical to the definition of a crime of violence under U.S.S.G. § 4B1.2. *Archer*, 531 F.3d at 1352. Because of this strong similarity, we consider cases interpreting one as authority in cases interpreting the other. *See United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010).

At the time of Dixon's robbery offenses, which occurred in 1988 and 1989, respectively, Florida's robbery statute set forth the element of robbery as follows: as "the taking of money or other property . . . from the person or custody of another when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1) (1987); *United States v. Fritts*, 841 F.3d 937, 939 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2264 (2017). Since the 1970s,

the Florida robbery statute has included the requirement "of force, violence, assault, or putting in fear." *See United States v. Seabrooks*, 839 F.3d 1326, 1338-39 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2265 (2017).

In *Dowd*, we held that a 1974 conviction for Florida armed robbery was "undeniably a conviction for a violent felony," citing the ACCA's elements clause. *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006).  We next considered the Florida robbery statute in *Lockley*, holding that a 2001 Florida attempted robbery conviction qualified as a crime of violence under § 4B1.2's enumerated crimes clause, elements clause, and residual clause.  632 F.3d at 1246.  We concluded that the commission of a robbery in violation of Fla. Stat. § 812.13(1), even without a firearm, necessarily required "either the use of force, violence, a threat of imminent force or violence coupled with an apparent ability, or some act that puts the victim in fear of death or great bodily harm."  *Id.* at 1245.  Analyzing the least culpable of the acts in § 812.13(1), we stressed that even "putting in fear" involves an act causing the victim to fear death or great bodily harm and stated that we could "conceive of no means by which a defendant could cause such fear absent a threat to the victim's person."  *Id.* at 1244.  We recently reaffirmed that *Lockley* has not been abrogated and remains good law.  *Fritts*, 841 F.3d at 942.

The district court did not err in determining that Dixon's Florida robbery convictions under Fla. Stat. § 812.13 qualified as "crimes of violence" under the

4

2016 career-offender guideline, both under the elements clause and under the enumerated crimes clause.  *See* U.S.S.G. § 4B1.2(a); *see id.* App. C, Amend. 798; *see Lockley*, 632 F.3d at 1242-45.   Furthermore, in *Lockley*, we held that Florida robbery qualifies as a crime of violence, and that holding has not been invalidated by the Supreme Court or by us sitting *en banc.  See Fritts*, 841 F.3d at 942. Accordingly, we affirm.

**AFFIRMED.**