[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14084
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cr-60295-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK STURM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 20, 2019)

Before WILSON, WILLIAM PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Frederick Sturm appeals his 151-month sentence for bank robbery, arguing that the district court erred in categorizing his prior Florida robbery conviction, his prior federal robbery conviction, and his underlying federal robbery conviction as violent felonies for career offender enhancement purposes. Binding precedent dictates that we affirm.

## I.    Factual and Procedural Background

In March 2018, Sturm pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). The United States Probation Office prepared a Presentence Investigation Report (PSI). The Probation Office determined that Sturm had a base-offense level of 20 under U.S.S.G. § 2B3.1(a). The Probation Office increased the base-offense level by four after concluding that (1) that the property of a financial institution was taken, *see id.* § 2B3.1(b)(1), and (2) that Sturm threatened to kill the bank teller during the robbery, *see id.* § 2B3.1(b)(2)(F). And because Sturm had three felony convictions that constituted predicate crimes of violence, the Probation Office deemed Sturm a career offender under U.S.S.G. § 4B1.1(b)(3) and increased his offense level to 32. Sturm's predicate felony convictions included: (1) a Florida robbery under Florida Statute § 812.13(1); (2) a federal bank robbery under 18 U.S.C. § 2113(a); and (3) the underlying federal bank robbery under 18 U.S.C. § 2113(a). Sturm received a three-level reduction for acceptance of responsibility under U.S.S.G. §§ 3E1.1(a) and (b), resulting in a

total offense level of 29.  As a career offender, Sturm had a criminal history of category VI.  The statutory maximum term of imprisonment was 20 years.  Sturm's guideline range was 151 to 188 months.

Sturm filed objections to the PSI, arguing that his Florida robbery conviction and federal robbery convictions should not qualify as crimes of violence under the career offender provision of the Guidelines.  Sturm renewed the objections at sentencing.  The district court concluded that Sturm's arguments were foreclosed by binding precedent and thus overruled his objections.  The district court then sentenced Sturm to 151 months' imprisonment, with 3 years of supervised release, and $62 in restitution.  Sturm timely appealed.

## II.    Discussion

"We review de novo whether a prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines."  *United States v. Lockley*, 632 F.3d 1238, 1240 (11th Cir. 2011) (citation omitted).

Notably, the career offender provision in the Guidelines, U.S.S.G. § 4B1.2(a), and ACCA, 18 U.S.C. § 924(e)(2)(B), contain nearly identical elements clauses.  Therefore, we "often consider[] cases interpreting the language in the Sentencing Guidelines as authority in cases interpreting the language in the ACCA."  *See United States v. Fritts*, 841 F.3d 937, 940 n.4 (11th Cir. 2016) (citations omitted).

3

## A. Florida Robbery Conviction

Sturm argues that a robbery, as defined in Florida Statute § 812.13(1), can be committed without violent physical force and thus cannot be considered a violent felony for career offender enhancement purposes.  But this argument is squarely foreclosed by *Stokeling v. United States*, which was decided after Sturm filed this appeal.  139 S. Ct 544 (2019).  In *Stokeling*, the Supreme Court held that robbery under Florida Statute § 812.13 "qualifies as a 'violent felony' under ACCA's elements clause." *Stokeling*, 139 S. Ct at 555; *see also Lockley*, 632 F.3d 1238 (holding that a conviction under Florida Statute § 812.13 qualifies as a crime of violence under the career offender provision of the Guidelines); *Fritts*, 841 F.3d at 942 (relying on *Lockley* to determine that a conviction under Florida Statute § 812.13 qualifies as a violent felony under ACCA's elements clause).  Because there is no notable distinction between ACCA's elements clause and the elements clause in the Guidelines' career offender provision, *see Fritts*, 841 F.3d at 940 n.4, the *Stokeling* holding dictates that we affirm.

## B. Federal Bank Robbery Conviction

Sturm next argues that a conviction for federal bank robbery under 18 U.S.C. § 2113(a) does not constitute violent felony for career offender enhancement purposes because it can be accomplished by intimidation, which does not require an intentional threat of violent physical force.  But this argument is

4

likewise foreclosed by our binding precedent.  In *In re Sams*, we held that "a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under [ACCA's elements clause]."  830 F.3d 1234, 1239 (11th Cir. 2016) (per curiam).  Because it qualifies as a crime of violence under ACCA's elements clause, it likewise qualifies as a crime of violence under the Guidelines' career offender provision.  *See Fritts*, 841 F.3d at 940 n.4.  Sturm does not dispute this.  Rather, he argues that *In re Sams* was wrongly decided.  But under this Court's prior panel precedent rule, we are bound by a prior panel's decision until overruled by the Supreme Court or by this Court en banc.  *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998).  There is no exception to this rule based upon an overlooked reason or a perceived defect in the prior panel's reasoning or analysis of the law in existence at the time.  *United States v. Kaley*, 579 F.3d 1246, 1259–60 (11th Cir. 2009).

Because Strum's current and prior convictions under 18 U.S.C. § 2113(a) were correctly categorized as violent felonies, *see In re Sams*, 830 F.3d at 1239, we affirm.

**AFFIRMED.**