[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13640
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22157-RNS,
1:11-cr-20211-RNS-1

TERRELL BOYD,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 11, 2019)

Before WILSON, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Terrell Boyd, a federal prisoner, appeals the district court's denial of his 28

U.S.C. § 2255 motion that challenges his sentence under *Johnson v. United States*,

135 S. Ct. 2551 (2015).[1]  The district court granted a certificate of appealability

(COA) as to whether Boyd's sentence was properly enhanced under the Armed

Career Criminal Act (ACCA).  On appeal, Boyd argues that Florida armed robbery

is not a crime of violence under the ACCA and that any cases holding otherwise

were wrongly decided.  We disagree and affirm.

In a § 2255 proceeding, we review a district court's legal conclusions de novo

and its factual findings for clear error.  *Farris v. United States*, 333 F.3d 1211, 1216

(11th Cir. 2003) (per curiam).  And, regardless of the ground stated in the district

court's order or judgment, we may affirm on any ground supported by the record.

*Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

In *Beeman v. United States*, we held that a § 2255 movant asserting a

*Johnson* claim must prove that it was "more likely than not" that the use of the

residual clause, as opposed to the elements clause, led the sentencing court to

impose the ACCA enhancement.  871 F.3d 1215, 1221–22 (11th Cir. 2017).  In

doing so, we rejected the movant's premise that a *Johnson* movant met his burden

unless the record affirmatively showed that the district court relied upon the

---

[1] In *Johnson*, 135 S. Ct. at 2555–58, the Supreme Court struck down as unconstitutionally vague the Armed Career Criminal Act's (ACCA) "residual clause," which defined a violent felony, in part, as any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii).  The ACCA's elements clause, which defined "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another," *id.* § 924(e)(2)(B)(i), remains intact.

ACCA's elements clause.  *Id.*  We stated that each case must be judged on its own facts and that different kinds of evidence could be used to show that a sentencing court relied on the residual clause.  *Id.* at 1224 n.4.  For example, a record may contain direct evidence in the form of a sentencing judge's comments or findings indicating that the residual clause was essential to an ACCA enhancement.  *Id.*  Or a record may contain sufficient circumstantial evidence, such as unobjected-to Presentence Investigation Report (PSI) statements recommending that the enumerated-offenses and elements clauses did not apply, or concessions made by the prosecutor that those two clauses did not apply.  *Id.*  Circumstantial evidence that a petitioner was sentenced solely under the residual clause may also be established if the law at the time of sentencing was clear that the defendant's prior conviction qualified as a violent felony under only the residual clause.  *Id.* at 1224 n.5.

We emphasized that the relevant issue is one of historical fact—whether at the time of sentencing the defendant was sentenced solely under the residual clause.  *Id.*  Accordingly, precedent issued after sentencing "casts very little light, if any, on the key question" of whether the defendant was, in fact, sentenced under only the residual clause.  *Id.*

Boyd filed this § 2255 motion in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015), which struck down as unconstitutionally vague the ACCA's

residual clause.  He argues that his sentence should be vacated because he was convicted under the now-defunct residual clause and, under the still-intact elements clause, a Florida robbery is not a "violent felony."

Before analyzing whether Florida robbery is a "violent felony" as defined by the ACCA's elements clause, we must consider whether Boyd proved that it was "more likely than not" that the use of the residual clause led the sentencing court to impose the ACCA enhancement.  *Beeman*, 871 F.3d at 1221–22.  Boyd failed to satisfy his burden.  Boyd does not argue on appeal that the district court relied on the residual clause in sentencing him or point to any precedent available in 2011 suggesting that Florida armed robbery qualified as a violent felony under only the residual clause.  *See id.* at 1224.  And, in fact, precedent at the time made clear that Florida armed robbery was a violent felony under the elements clause.  *United States v. Dowd*, 451 F.3d 1244, 1255–56 (11th Cir. 2006).  The PSI and the sentencing hearing transcript are equally silent as to the clause under which Boyd was sentenced.  Because Boyd has not carried his burden of showing that it was more likely than not that the sentencing court relied solely on the residual clause in sentencing him, *see id.* at 1222–23, we deny his § 2255 motion.

In the alternative, the district court properly found that Florida armed robbery is a violent felony under the elements clause based on this Court's precedent.  *See Stokeling v. United States*, 139 S. Ct. 544, 554–55 (2019); *United*

4

*States v. Fritts*, 841 F.3d 937, 939–40 (11th Cir. 2016); *Dowd*, 451 F.3d at 1255-56.  Although the district court recognized that the concurring opinion in this Court's panel decision in *Stokeling* raised concerns over Florida's force requirement for robbery prior to 1997, that argument is foreclosed in this Circuit.  *See Stokeling*, 139 S. Ct. at 554–55; *Fritts*, 841 F.3d at 938 (1989 conviction); *Dowd*, 451 F.3d at 1254 (1974 conviction).[2]

**AFFIRMED.**

---

[2] The district court improperly reached the question of whether Florida armed robbery is a violent felony under the elements clause without first conducting the *Beeman* analysis.  *See Beeman*, 871 F.3d at 1221–22.  But, given a COA was granted as to the merits issue and has been briefed by the parties, we reach that issue too as an alternative ground.