[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14868
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00118-SCB-SPF-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARL GOLDEN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 26, 2019)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Carl Golden appeals his 180-month enhanced sentence under the Armed Career Criminal Act (ACCA) for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). While he recognizes that his arguments are foreclosed by our precedent, Golden nevertheless asserts (1) that his prior convictions for robbery under Florida Statute § 812.13 and aggravated assault under Florida Statute § 784.021 don't constitute "violent felonies" under the ACCA, and (2) that his convictions for delivery and sale of controlled substances under Florida Statute § 893.13 don't constitute "serious drug offenses" under the ACCA. After careful review, we affirm.

## I

As to his "violent felony" convictions, Golden contends (1) that the Florida robbery statute at the time of his conviction—which was prior to the Florida Supreme Court's decision in *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997) (holding that robbery required resistance and overpowering of a victim)—doesn't meet the minimal amount of force required to constitute a "violent felony" under the ACCA, and (2) that the Florida aggravated-assault statute allows for a lesser *mens rea*—*i.e.*, recklessness—than is required under the ACCA.

We review *de novo* whether a prior conviction is a violent felony under the ACCA. *United States v. Seabrooks*, 839 F.3d 1326, 1338 (11th Cir. 2016).

2

Unfortunately for Golden, both of his "violent felony" arguments are directly foreclosed by our precedent. We have held that a pre-*Robinson* felony conviction for robbery under Florida Statute § 812.13(1) constitutes a "violent felony" under the ACCA's elements clause. *United States v. Fritts*, 841 F.3d 937, 941 (11th Cir. 2016). As the *Fritts* Court explained, rather than announcing a new rule of law, *Robinson* simply stated what the statute "always meant"—*i.e.*, that the Florida robbery statute never included a theft by mere snatching, but rather had always required the use of force. *Id.* at 942–43. The Supreme Court's decision in *Stokeling v. United States*—which considered pre- and post-*Robinson* periods together in concluding that Florida robbery qualifies as a "violent felony"— supports this conclusion. 139 S. Ct. 544, 550–55 (2019).

We have also held that an aggravated assault conviction under Florida Statute § 784.021 constitutes a "violent felony" under the ACCA's elements clause. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337–39 (11th Cir. 2013). Moreover, we have specifically rejected the argument that Florida's aggravated assault statute fails as a predicate offense under the ACCA because it could be accomplished with a *mens rea* of recklessness. *United States v. Deshazior*, 882 F.3d 1352, 1355 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1255 (2019) (citing *Turner*, 709 F.3d at 1337–38).

So in short, the district court correctly followed our precedent in concluding that Golden's Florida robbery and aggravated-assault convictions constitute "violent felonies" under the ACCA. *Fritts*, 841 F.3d at 944; *Turner*, 709 F.3d at 1341.

## II

As to his convictions for delivery and sale of a controlled substance under Florida Statute § 893.13, Golden asserts that they don't constitute "serious drug offenses" under the ACCA because (1) these offenses were presumably committed through mere purchase, and (2) they lack the necessary renumeration element to qualify under the ACCA.

Although we generally review *de novo* the question whether a prior conviction is a predicate offense under the ACCA, *Seabrooks*, 839 F.3d at 1338, we review objections or arguments not raised in the district court for plain error. *United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir. 2013) (per curiam). To prevail under the plainerror standard, an appellant must show, among other things, that an error occurred and that the error was plain. *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). If a statute fails to specifically resolve an issue, there can be no plain error without precedent from the Supreme Court or this Court directly resolving it.

4

*United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam).

Again, Golden's arguments are squarely foreclosed by our precedent. We have held that violations of Florida Statute § 893.13(1) constitute "serious drug offenses" under the ACCA, even in the absence of a *mens rea* requirement. *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014).

Furthermore, Golden's remuneration argument isn't supported by a plain reading of the statutory language. Although the Supreme Court held in *Moncrieffe v. Holder*, 569 U.S. 184, 193–94 (2013), that a conviction under a Georgia statute prohibiting possession of marijuana with intent to distribute—and that doesn't require remuneration—isn't necessarily an "aggravated felony" under the Immigration and Nationality Act (INA), the ACCA's definition of "serious drug offense" differs from the INA's definition of "aggravated felony" in that the ACCA requires only "an offense under State law," punishable by at least 10 years in prison, involving the "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii). Florida's delivery-of-cocaine statute, under which Golden was convicted, satisfies this definition as a state offense punishable by up to 15 years that prohibits the sale, manufacture, delivery, or possession with intent to sell, manufacture, or

5

deliver cocaine.  *See* Fla. Stat. §§ 893.03, 893.13(1)(a) (2019).  And in any event, even if Golden could prove that the district court's decision was in error, he couldn't demonstrate plain error because there is no binding precedent from this Court contradicting the district court's conclusion.  *See Ramirez-Flores*, 743 F.3d at 822; *Lejarde-Rada*, 319 F.3d at 1291.

* * *

For the foregoing reasons, Golden's sentence is affirmed.

**AFFIRMED.**