[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12478
Non-Argument Calendar

_____

D. C. Docket No. 04-20112-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNEDY TERRELL WALKER,
a.k.a. Kennedy Walker,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 24, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Kennedy Terrell Walker appeals his convictions and life sentence for

carjacking and firearm offenses. 18 U.S.C. § 2119; 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A)(ii). Walker argues that (1) his second trial was barred by double jeopardy because government misconduct led to his motion for a mistrial; (2) the admission of a police officer's testimony that the officer took action based on the statement of a codefendant violated Walker's Confrontation Clause rights; (3) an identification procedure was unduly suggestive; and (4) the mandatory-minimum life sentence was imposed in violation of the Fifth and Sixth Amendments. We affirm.

## I. BACKGROUND

On February 9, 2004, Vincent Saavedra drove his Lexus RX300 to an adult book and video store in Hialeah, Florida, and Hector Paiz drove his Chevrolet Geo Metro to the same store. When the two men left the store and returned to their vehicles, Walker and Eric Tyrone Brown appeared in the parking lot. While Saavedra tried to drive away, Walker banged on the window of Saavedra's Lexus with the butt of a gun and threatened Saavedra's life. Saavedra then exited the car. Walker told Brown to demand wallet, car keys, and car from Paiz, who had not yet entered his Geo. Paiz complied upon hearing Walker's instructions to Brown. Brown told Paiz that he would be killed if he did not leave the area within three minutes. Walker and Brown entered the vehicles and sped out of the parking lot.

2

Paiz and Saavedra independently phoned the police. Miami-Dade police found and arrested Walker and Brown later that night. Police brought Saavedra to the scene of the arrest, and Saavedra identified Walker and Brown as the men who had carjacked the vehicles and Walker as the man who had brandished a firearm.

A federal grand jury indicted Walker and Brown on two counts of carjacking, 18 U.S.C. § 2119, one count of brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), and one count each of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Walker pleaded not guilty to all counts. Brown also pleaded not guilty but was found incompetent to stand trial.

Before trial, Walker moved to suppress the show-up identification. At the suppression hearing, ATF Agent Bryan Miller testified that the night Brown and Walker were arrested, Detective Pamela Zorsky brought Saavedra to the place where the men were being held and told him that the men he was about to see may or may not have been the men who robbed him. The police presented Walker frontally, with his hands cuffed behind his back, in front of a marked patrol car, and Saavedra identified him as one of his assailants. Agent Miller testified that no one had done anything to suggest to Saavedra that he should identify Walker. The district court found that the identification was neither unduly suggestive nor unreliable:

3

> First, [the identification] occurred at a point in time where Detective Zorsky had not suggested to Mr. Saavedra that he had to ID someone as being involved in the robbery. Detective Zorsky told Mr. Saavedra that the people that were going to be showed to him might or might not be involved as the assailants, but made no suggestion to him that he had to identify one of them as the assailants, or that he was being shown individuals who were, in fact, the assailants.
>
> . . .
>
> It is also important to note that although Mr. Walker had his hands cuffed behind his back, the cuffs were not visible, because Mr. Walker of course had his hands behind him.

The district court denied the motion to suppress.

Trial commenced on August 16, 2004. On the third day of Walker's trial, the district court received from juror Gonzalez a note that suggested that Gonzalez had been contacted about the case. The government told the court that ATF Agent Ali Berisha had had an inadvertent encounter with Gonzalez. The court questioned Gonzalez about the incident. Gonzalez denied that the man who had approached him about the case was Agent Berisha, who was in the courtroom. Gonzalez explained that he did not think the man was connected to the case and he did not feel threatened by the incident. Berisha admitted seeing Gonzalez in a bad area, thinking he was hurt, and asking if he needed help. He testified that he had not told the government about the encounter until Gonzalez's note to the court. Walker moved for a mistrial, and the district court granted the motion but noted that because Berisha did not approach Gonzalez with an improper motive, retrial

4

would not be barred by double jeopardy.

At Walker's second trial, Detective Terrence Gontko testified, over Walker's Crawford objection, that he had been able to find the stolen Geo because of a statement that had been made to him. In overruling Walker's objections, the district court explained that the testimony was not hearsay because the contents of the statement were not being offered. Gontko did not testify to the contents of the statement, and on cross-examination he added only that the statement was made by codefendant Brown. At the close of the trial, the jury found Walker guilty on all counts.

The PSI set Walker's adjusted offense level at 37 after consideration of the specific offense characteristics and Walker's career offender status and assigned a criminal history category of VI. The resulting advisory Guideline range was 360 months to life. Walker was subject to a mandatory life sentence, 18 U.S.C. § 3559(c)(1)(A)(i). Because it found that the carjacking and two previous robberies were serious violent felonies, the district court noted, over Walker's objections, that it had "no discretion, given [its] findings, but to impose a mandatory term of life imprisonment . . . [and] a consecutive term of seven years to follow the term of life imprisonment." The court also imposed an alternative sentence should its ruling on the section 3559 enhancement be found erroneous.

5

## II. STANDARDS OF REVIEW

We review for clear error the factual findings of the district court on a double jeopardy claim, and we review de novo the application of the law to the facts. United States v. Vallejo, 297 F.3d 1154, 1162 (11th Cir. 2002). We review for abuse of discretion the admissibility of hearsay evidence, United States v. Miles, 290 F.3d 1341, 1351 (11th Cir. 2002), and we review de novo a preserved constitutional claim, United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005), cert. denied, __ U.S. __, 126 S. Ct. 1604 (2006). We review for clear error the determination of the district court that an out-of-court identification procedure was not impermissibly suggestive, and we review de novo the ultimate conclusion of the district court that the identification was reliable. United States v. Diaz, 248 F.3d 1065, 1103 (11th Cir. 2001). We review de novo a sentence for Sixth Amendment violations, but reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

## II. DISCUSSION

Walker raises three arguments against his conviction, and one against his life sentence. All fail. We discuss each argument in turn.

*A. Retrial Was Not Barred by Double Jeopardy Because the District Court Did Not Clearly Err When It Found the Government Did Not Intend to Provoke a Mistrial.*

Walker contends that Agent Berisha's encounter with juror Gonzalez was an

6

act of government misconduct, and urges us to find the encounter "presumptively prejudicial." See Turney v. Pugh, 400 F.3d 1197, 1202 (9th Cir. 2005). Although the Double Jeopardy Clause of the Fifth Amendment bars repeat prosecution for the same offense, double jeopardy principles do not bar retrial after the grant of a defendant's motion for a mistrial unless the prosecution intentionally goaded the defendant into moving for a mistrial. Oregon v. Kennedy, 456 U.S. 667, 671, 673, 102 S. Ct. 2083, 2087, 2088 (1982). Only deliberate prosecutorial misconduct implicates double jeopardy principles, Vallejo, 297 F.3d at 1163, and the prosecution must have actually intended to provoke the mistrial, United States v. Shelley, 405 F.3d 1195, 1200-01 (11th Cir. 2005).

Walker's argument fails. There is no evidence that the action of the government was motivated by an actual intent to provoke a mistrial. The finding of the district court that no government misconduct provoked the motion for a mistrial was not clearly erroneous.

### B. The District Court Did Not Abuse Its Discretion When It Overruled Walker's Crawford Objection.

Walker argues that the admission of Detective Gontko's testimony that a statement of one of the codefendants led to the discovery of the stolen Geo violated the Confrontation Clause. U.S. Const. Amend. VI; Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004). The Confrontation Clause forbids the

7

introduction of testimonial hearsay evidence at trial, unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. Crawford, 541 U.S. at 68, 124 S. Ct. at 1374; Cantellano, 430 F.3d at 1145. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

Walker's argument that Gontko's testimony "was tantamount to a statement that Mr. Brown told him where to find the Geo Metro" fails. No statement by Brown was offered in evidence to prove the truth of the matter asserted. The evidentiary ruling of the district court was not an abuse of its discretion.

### C. The District Court Did Not Clearly Err When It Found the Identifications Not Unduly Suggestive.

Walker argues that the identification was unduly suggestive because Walker was presented for identification singly, in handcuffs, and surrounded by police officers. To suppress identification testimony, a defendant must establish that the identification procedure was unduly suggestive, and then he must establish that the identification was unreliable under the totality of the circumstances. Diaz, 248 F.3d 1065, 1102 (11th Cir. 2001). Show-up identifications "are not unnecessarily suggestive unless the police aggravate the suggestiveness of the confrontation." Johnson v. Dugger, 817 F.2d 726, 729 (11th Cir. 1987).

8

Walker cites no authority for his position that identification of a single individual is intrinsically suggestive, and our precedent suggests that it is not. See Blanco v. Singletary, 943 F.2d 1477, 1508-09 (11th Cir. 1991). Walker also provides no argument why unseen handcuffs or the mere presence of police officers would be suggestive. None of Walker's arguments undermine the finding that the identification was not unduly suggestive. The district court did not clearly err when it admitted the identification.

*D. Walker's Life Sentence Does Not Violate the Sixth Amendment.*

Walker argues that his sentence violates the Sixth Amendment because it was enhanced for prior convictions not proved to a jury. See Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000); Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). This argument fails because enhancements based on prior convictions do not violate the Sixth Amendment. Almendarez-Torres v. United States, 523 U.S. 224, 243, 118 S. Ct. 1219, 1231 (1998). As Walker concedes, we have held repeatedly that the Apprendi-Blakely-Booker line of cases did not overrule Almendarez-Torres. See, e.g., United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005), cert. denied, __ U.S. __, 126 S. Ct. 233 (2005). Even if Walker's constitutional argument had merit, it would still fail because he admitted

9

the factual basis for the prior convictions when he did not challenge the PSI.

United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).

## IV. CONCLUSION

Walker's convictions and sentence are

**AFFIRMED.**