[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14701
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-21973-RNS; 1:04-cr-20112-RNS-2

KENNEDY TERRELL WALKER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 25, 2021)

Before WILLIAM PRYOR, Chief Judge, GRANT, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Petitioner Kennedy Walker appeals the district court's denial of his 28 U.S.C. § 2255 petition to vacate the sentences he received on convictions of carjacking in violation of 18 U.S.C. § 2119 (two counts) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Walker was sentenced to life for the carjackings pursuant to the federal three-strikes law, 18 U.S.C. § 3559(c). In addition to the life sentence, Walker received a consecutive seven-year sentence under § 924(c), based on the jury's finding that he had brandished a firearm while committing the carjacking offenses. In his § 2255 petition, Walker argued that neither sentence was valid after the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015) that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. According to Walker, the sentencing court relied on similarly worded, and equally vague, residual clauses in § 3559(c) and § 924(c) when the court sentenced him under those provisions.

The district court denied Walker's § 2255 petition based on this Court's holding in *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017) (*Ovalles I*) that *Johnson* does not apply to § 924(c) and its reasoning that, per *Ovalles I*, *Johnson* likewise should not apply to § 3559(c). At the time the court denied Walker's petition, *Ovalles I* was binding precedent as to the validity of § 924(c)'s residual clause. Nevertheless, the court issued a Certificate of Appealability ("COA") as to

2

the question "whether *Johnson* applies" to invalidate the residual clauses of § 924(c) and § 3559(c). The court concluded that question was "debatable" and "being debated" by reasonable jurists. This appeal by Walker followed.

While Walker's appeal was pending, this Court vacated *Ovalles I* in an en banc opinion that again concluded, albeit under a different rationale than was applied in *Ovalles I*, that the residual clause of § 924(c) survives *Johnson*. *See Ovalles v. United States*, 905 F.3d 1231, 1252 (11th Cir. 2018) (*en banc*) (*Ovalles II*). Thereafter, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), which abrogated *Ovalles II* and held that the residual clause of § 924(c) is indeed unconstitutionally vague per the reasoning of *Johnson*. *See Davis*, 139 S. Ct. at 2336.

*Davis* decided one of the questions posed in the COA underlying this appeal—that is, whether *Johnson* applies to the residual clause of § 924(c)—in favor of Walker, and it drew into question the rationale underlying the district court's conclusion that *Johnson* does not apply to § 3559(c). Accordingly, this Court expanded and revised the COA to include the questions (1) whether the residual clause of § 3559(c)—§ 3559(c)(2)(F)(ii)—is unconstitutionally vague, and (2) whether the residual clauses of § 3559(c) or § 924(c) "adversely affected the sentence that [Walker] received" as required for him to prevail on the merits of his

3

habeas petition. The parties have submitted supplemental briefing as to both questions, as requested by the Court.

In addition to the above developments, this Court recently held that a petitioner's habeas claim based on the invalidity of § 924(c)'s residual clause under *Johnson* and *Davis* was procedurally defaulted because the petitioner failed to argue at trial or on direct appeal that the residual clause of § 924(c) is unconstitutionally vague. *See Granda v. United States*, 990 F.3d 1272, 1285–92 (11th Cir. 2021). The Government has submitted *Granda* as a supplemental authority to support its argument, made in the initial and supplemental briefing, that Walker's *Johnson* claim likewise is procedurally defaulted.

Having reviewed the record, the initial and supplemental briefing, and the supplemental authority submitted by the Government, we **AFFIRM** the district court's denial of Walker's § 2255 petition.

## BACKGROUND

In 2004, a jury convicted Petitioner Kennedy Walker of: (1) two counts of carjacking in violation of 18 U.S.C. § 2119, (2) brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). According to Walker's PSR, the convictions arose from an incident during which Walker and his co-defendant Tyrone Brown approached two victims in a parking lot, threatened

4

the first victim with a gun, struck the second victim in the ribs, and then stole and escaped with both victims' wallets and vehicles. Walker was apprehended after he led officers on a dangerous car chase while driving one of the stolen vehicles. The officers recovered two loaded guns and several rounds of ammunition from the vehicle Walker was driving.

Walker's PSR assigned him a base offense level of 24 for the carjacking and § 922(g) convictions because he committed the offenses after sustaining at least two felony convictions for either a crime of violence or a controlled substance offense. It applied multi-level increases based on Walker's use of a firearm in connection with the carjackings, his status as an organizer of the crime, and the fact that he led officers on a car chase, during which he drove recklessly and "created a substantial risk of death or serious bodily injury" while attempting to flee, prior to his arrest. Ultimately, the PSR calculated Walker's combined adjusted offense level for the carjacking and § 922(g) convictions to be 34, which was increased to 37 by application of a career offender enhancement based on a determination that Walker's carjacking offenses were crimes of violence and that Walker had four prior felony convictions for crimes of violence or controlled substance offenses. The PSR specifically identified Walker's two prior Florida armed robbery convictions—one in 1989 and the other in 1990, and both in violation of Florida Statutes § 812.13—as crimes of violence.

5

Walker's offense level of 37 and criminal history category of IV yielded a recommended sentencing guidelines range of 360 months to life imprisonment. However, the PSR determined Walker was subject to a mandatory life sentence for the carjackings under 18 U.S.C. § 3559(c), the federal "three-strikes" law that requires a mandatory life sentence upon a defendant's third conviction for a "serious violent felony." *See* 18 U.S.C. § 3559(c)(1)(A)(i). It also determined that Walker was subject to an additional seven-year consecutive term of imprisonment under § 924(c), which requires such a consecutive sentence when a defendant uses or carries a firearm during a "crime of violence." *See* 18 U.S.C. § 924(c)(1)(A). Finally, the PSR determined Walker was subject to a 180-month mandatory minimum sentence on his § 922(g) conviction.

The district court accepted the PSR's recommendations and sentenced Walker to life imprisonment on the carjacking convictions under § 3559(c), plus an additional seven years imprisonment under § 924(c) for brandishing a firearm during the carjacking offenses. Walker directly appealed his convictions and sentences, but he did not argue on appeal that the sentences he received were invalid because they were based on the unconstitutionally vague residual clauses of § 3559(c) and § 924(c). *See United States v. Walker*, 201 F. App'x 737, 738 (11th Cir. 2006). This Court denied Walker's appeal and affirmed the judgment against him. *See id.* at 741.

Walker filed the instant § 2255 petition in 2016, within a year of the Supreme Court's decision in *Johnson* striking the residual clause of the ACCA as unconstitutional. In support of his petition, Walker argued that *Johnson* invalidated the residual clauses of § 3559(c) and § 924(c), which are worded similarly to the ACCA's residual clause.[1] According to Walker, he was no longer eligible to be sentenced under § 3559(c) and § 924(c) after *Johnson*, because his relevant convictions qualified as predicates only under the residual clauses of those provisions rather than under the still-valid enumerated offenses or elements clause of § 3559(c) or the still-valid elements clause of § 924(c).

The district court denied Walker's § 2255 petition. As outlined briefly above, the court first determined that Walker's § 924(c) claim was foreclosed by this Court's then-binding decision in *Ovalles I* that *Johnson* does not apply to or invalidate § 924(c)'s residual clause. The court then concluded that *Johnson* did not invalidate § 3559(c)'s residual clause because that clause closely resembles § 924(c)'s residual clause. Nevertheless, the court issued a COA as to the question "whether *Johnson* applies to the provisions of § 924(c) and § 3559(c) . . . since it

---

[1] Walker also argued in his petition that he was unlawfully sentenced under the ACCA and the sentencing guidelines per *Johnson.* However, Walker has not briefed or otherwise indicated any intent to pursue his ACCA and guidelines arguments on appeal. Thus, we do not address those arguments.

appears from Walker's citations that the questions raised are indeed debatable and, in fact, are being debated, among reasonable jurists." Walker appealed.

While Walker's appeal was pending, the Supreme Court decided the first question posed in the COA when it held, in *Davis*, that § 924(c)'s residual clause is unconstitutionally vague per the reasoning of *Johnson*. *See Davis*, 139 S. Ct. at 2336. Accordingly, this Court revised and expanded the COA in this case to include the questions whether (1) the residual clause of § 3559(c) is unconstitutionally vague and (2) the residual clauses of § 3559(c) or § 924(c) "adversely affected the sentence that [Walker] received" as required for him to obtain relief on his § 2255 petition. In addition to these developments, this Court recently held that a petitioner's claim challenging the validity of § 924(c)'s residual clause under *Johnson* was procedurally defaulted because the petitioner failed to challenge the constitutionality of the residual clause at trial or on direct appeal. *See Granda*, 990 F.3d at 1292. The Government has cited *Granda* as a supplemental authority in support of its argument that Walker likewise procedurally defaulted the claims asserted in his § 2255 petition by failing to raise them on direct appeal.

## DISCUSSION

### I.    Standard of Review

An appeal from a district court's final order in a § 2255 proceeding is available only if the petitioner makes a "substantial showing of the denial of a constitutional right" as to a "specific issue or issues" identified in a COA.  28 U.S.C. § 2253(c).  Assuming the COA requirement is met, we review the district court's legal conclusions in a § 2255 appeal de novo, and its factual findings for clear error.  *See Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020).  Whether a claim asserted in a § 2255 petition is procedurally defaulted is a mixed question of law and fact, which we review de novo.  *See Granda*, 990 F.3d at 1286.

### II.    Procedural Default

In support of his § 2255 petition, Walker argues that his life sentence under § 3559(c) and consecutive seven-year sentence under § 924(c) are invalid because the sentences are based on the residual clauses of § 3559(c) and § 924(c), both of which Walker contends are unconstitutionally vague per the Supreme Court's reasoning in *Johnson* and, more recently, *Davis*.  Before addressing the merits of that argument, we note that Walker failed to challenge the constitutionality of the residual clause of § 3559(c) or § 924(c) during his 2004 criminal proceeding or on direct appeal.  The Government thus argues that Walker's § 2255 claim based on

the purported invalidity of those provisions is procedurally defaulted, and its argument finds support in recent authority from this Court. *See Granda*, 990 F.3d at 1286 (noting that "a defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a habeas proceeding" and rejecting the petitioner's argument that the novelty of his claim challenging the constitutionality of § 924(c)'s residual clause established cause for his failure to assert the claim during his criminal proceeding or on direct appeal) (quotation marks omitted).

However, the Government concedes that it failed to assert procedural default as a defense in response to Walker's § 2255 petition, and thus arguably waived the defense. *See Howard v. United States*, 374 F.3d 1068, 1070 (11th Cir. 2004) (concluding that "the government procedurally defaulted" its procedural bar defense "by failing to raise th[e] affirmative defense in the district court"). It is not entirely clear that a waiver occurred here. Although the Government did not assert a procedural default defense in its initial response to Walker's § 2255 petition, the issue was argued in the proceedings below. In his R&R recommending denial of the petition, the Magistrate Judge determined, sua sponte, that Walker's *Johnson* claim was procedurally defaulted. Walker argued against application of the procedural default defense in his objections to the R&R, and the Government asserted the defense in its response to Walker's objections. Thus, Walker had an

10

opportunity in the district court to overcome the default by showing actual innocence or cause and prejudice. *Compare id.* at 1073 (pointing out that "[t]he government failed to raise the defense of procedural default in the district court, <u>and the court did not bring it up either</u>" (emphasis added)) and *Foster v. United States*, 996 F.3d 1100, 1106 (11th Cir. 2021) (rejecting the Government's procedural default defense where it was asserted for the first time on appeal and the petitioner had no opportunity in the proceedings below to overcome the default).

Nevertheless, we are not required to rule on the procedural default defense given the Government's failure to assert it in the first instance, and there is some uncertainty in the law as to exactly when it is appropriate for a court to raise the issue sua sponte. *See Trest v. Cain*, 522 U.S. 87, 90 (1997) (recognizing "some uncertainty in the lower courts as to whether, or just when, a habeas court *may* consider a procedural default that the State at some point has waived, or failed to raise"); *Esslinger v. Davis*, 44 F.3d 1515, 1525–26 (11th Cir. 1995) (holding that the lower court's sua sponte invocation of procedural default served no important federal interest under the circumstances); *Burgess v. United States*, 874 F.3d 1292, 1296–99 (11th Cir. 2017) (discussing the "competing lines of legal reasoning" relevant to the question whether "a district court has the authority in resolving a § 2255 motion to raise in the first instance a plea agreement's collateral-action

11

waiver"). Accordingly, and while we acknowledge that there is a strong argument that Walker's claim is procedurally defaulted in light of this Court's recent decision in *Granda*, we will proceed to, and resolve this appeal based on, the merits of the claims asserted in Walker's § 2255 petition.

## III.    **Merits**

Regarding the merits, the revised COA identifies two issues for the Court to decide: (1) whether the residual clause of § 3559(c) is unconstitutionally vague per the Supreme Court's decisions in *Johnson* and *Davis*, and (2) given that the Supreme Court has now held the residual clause of § 924(c) to be unconstitutional and assuming the residual clause of § 3559(c) is likewise unconstitutional, whether either of those provisions adversely affected Walker's sentence. The Government concedes in its supplemental briefing that § 3559(c)'s residual clause is unconstitutionally vague based on the Supreme Court's recent decision in *Davis*, and it has withdrawn its prior arguments as to the survival of that clause. We assume the Government is correct to concede this point. As noted in the revised COA, the text of § 3559(c)'s residual clause is "almost identical to the language of its counterpart in § 924(c)" and it raises the same vagueness concerns as the residual clauses of the ACCA and § 924(c) struck down in *Johnson* and *Davis*—namely, it requires the sentencing court to apply an imprecise risk standard to determine whether the residual clause applies in a particular case. *See Davis*, 139

12

S. Ct. at 2326 (comparing the residual clauses of the ACCA and § 16(b) to the residual clause of § 924(c) and explaining why all three are unconstitutionally vague).

Nevertheless, a petitioner is entitled to habeas relief on a *Johnson* claim only if the residual clause "actually adversely affected the sentence he received." *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017). *See also In re Hammoud*, 931 F.3d 1032, 1041 (11th Cir. 2019) (noting that a § 2255 petitioner challenging his § 924(c) conviction under *Davis* has "the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he will have to show that his § 924(c) conviction resulted from application of solely the residual clause"). As explained more fully below, Walker's sentence was not adversely affected by the residual clause of either § 3559(c) or § 924(c). Walker's federal carjacking offense is a serious violent felony under the enumerated offenses clause of § 3559(c), and the sentencing court determined that his two prior Florida armed robberies qualified as serious violent felonies, and thus § 3559(c) predicates, not only under the residual clause but also under the enumerated offenses and the elements clauses of that provision. As to § 924(c), Walker's federal carjacking offense was at the time of his conviction, and remains today, a valid predicate under the elements clause § 924(c). Thus, because Walker's sentence was not

13

adversely impacted by the residual clauses of either § 3559(c) or § 924(c), his § 2255 petition based on the invalidity of those provisions must fail.

### A.      Walker's mandatory minimum life sentence under § 3559(c)

Walker was sentenced to life imprisonment for his federal carjacking convictions pursuant to 18 U.S.C. § 3559(c).  Section 3559(c) is the federal "three-strikes" law that requires a mandatory minimum life sentence when a defendant is convicted of a serious violent felony and the defendant "has previously been convicted of a combination of two or more serious violent felonies or serious drug offenses."  *See United States v. Harris*, 741 F.3d 1245, 1248 (11th Cir. 2014).  Section 3559(c) defines "serious violent felony" to include:  (1) a list of enumerated offenses, including carjacking in violation of 28 U.S.C. § 2119, (2) "any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force" against another person, and (3) an offense punishable by a maximum 10-year term of imprisonment and that "by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense."  *See* 18 U.S.C. § 3559(c)(2)(F).

The first prong of the above definition is known as the "enumerated offenses" clause, the second prong as the "elements" clause, and the third prong as the "residual" clause.  *See Beeman*, 871 F.3d at 1218.  As discussed above, the

14

Supreme Court held in *Johnson* that the ACCA's similarly worded residual clause

is unconstitutionally vague.  *See Johnson*, 576 U.S. at 596.  In *Davis*, the Supreme

Court extended *Johnson* to hold that the residual clause of § 924(c) is likewise

unconstitutionally vague.  *See Davis*, 139 S. Ct. at 2336.  *See also Sessions v.*

*Dimaya*, 138 S. Ct. 1204, 1223 (2018) (applying *Johnson* and holding that the

residual clause of 18 U.S.C. § 16 is unconstitutionally vague).  The Government

now concedes that the residual clause of § 3559(c) is also unconstitutionally vague.

However, the Supreme Court clarified in *Johnson* that the decision did "not

call into question" the validity of the other clauses under which an offense can

qualify as an ACCA predicate, including the ACCA's enumerated offenses clause

and elements clause.  *See Johnson*, 576 U.S. at 606.  Accordingly, this Court has

required a § 2255 petitioner asserting a *Johnson* claim to "show that—more likely

than not—it was use of the residual clause that led to the sentencing court's

enhancement of his sentence" under the ACCA.  *See Beeman*, 871 F.3d at 1222.

As the Court explained in *Beeman*, that is the case only:

> (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony.

15

*Id.* at 1221.  *See also United States v. Pickett*, 916 F.3d 960, 963 (11th Cir. 2019) ("Put simply, it must be more likely than not that the sentence was based on the residual clause and <u>only</u> the residual clause." (emphasis in original)).

*Beeman* arose in the context of the ACCA, but Walker acknowledges that its reasoning applies with equal force to his habeas claim based on the unconstitutionality of the residual clause of § 3559(c). Similar to the ACCA, § 3559(c) requires the sentencing judge to impose a statutorily mandated minimum sentence when a defendant who is convicted of a specified crime (possession of a firearm by a convicted felon in the case of the ACCA, and a serious violent felony in the case of § 3559(c)) has the requisite predicate convictions for offenses that qualify as serious violent felonies.  And like the ACCA, § 3559(c)'s definition of a serious violent felony includes offenses that meet the requirements of either an enumerated crimes clause, an elements clause, or a residual clause.  Pursuant to *Johnson* and the Supreme Court's later decision in *Davis*, a conviction can no longer qualify as a serious violent felony—and thus a § 3559(c) predicate—under the residual clause, but the conviction might nevertheless still qualify under the enumerated crimes or elements clauses of § 3559(c), which remain valid.  Thus, under *Beeman*, a § 2255 petitioner asserting a *Johnson* challenge to his life sentence under § 3559(c) must show that the sentencing judge did not rely on the still-valid enumerated crimes or elements clauses when applying § 3559(c).

Walker cannot meet his burden under *Beeman* to show that the sentencing court "relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause." *See Beeman*, 871 F.3d at 1221. Indeed, the sentencing record conclusively establishes just the opposite. Walker does not dispute that his federal carjacking convictions in this case qualify as serious violent felonies under the enumerated offenses clause of § 3559(c), rather than the residual clause. The sentencing judge determined that Walker was eligible for a life sentence on the carjacking convictions under § 3559(c) because at the time of his conviction he had two prior Florida armed robbery convictions that constituted serious violent felonies under the residual clause of § 3559(c), <u>as well as</u> the enumerated offenses and elements clauses.

As to the Florida robbery convictions, the sentencing judge expressly stated during Walker's sentencing hearing that those convictions satisfied both the enumerated offenses and elements clauses of § 3559(c), in addition to the residual clause. Specifically, the judge stated that the Florida robbery convictions qualified under the enumerated crimes clauses because they were "like firearms possession ascribed in Section 924(c)" and that they qualified under the elements clause because they were "punishable by a maximum term of ten years or more" and they "ha[d] as an element the use, attempted us, or the actual use of physical force." The sentencing judge's express reliance on the enumerated crimes and elements

17

clauses to classify Walker's prior Florida robbery convictions as serious violent felonies precludes Walker's § 2255 claim based on the unconstitutionality of § 3559(c)'s residual clause. *See Pickett*, 961 F.3d at 963 (noting that the sentencing record is determinative of the *Beeman* inquiry when it contains direct evidence as to whether the sentencing judge relied on the residual clause).

We note further that the Supreme Court recently held that a robbery conviction under Florida Statutes § 812.13 satisfies the ACCA's elements clause under current law. *See Stokeling v. United States*, 139 S. Ct. 544, 555 (2019) ("Florida robbery qualifies as an ACCA-predicate offense under the elements clause."). *Stokeling* confirmed this Court's determination in prior cases that robbery as defined by Florida Statutes § 812.13 "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See id.* at 554 (internal quotation marks omitted). *See also United States v. Fritts*, 841 F.3d 937, 940–44 (11th Cir. 2016) (discussing Circuit case law holding that Florida robberies, like Walker's, satisfy the elements clause and concluding that the petitioner's Florida armed robbery conviction under § 812.13 likewise categorically qualified as a violent felony under the elements clause). The ACCA's elements clause is identical to the elements clause of § 3559(c). Pursuant to *Stokeling* and *Fritts*, Walker's prior Florida robbery convictions would thus

18

satisfy § 3559(c)'s elements clause even if he were convicted today.[2]  For all these reasons, Walker cannot prevail on his § 2255 claim challenging his life sentence under § 3559(c), despite the invalidity of § 3559(c)'s residual clause.

### B.    Walker's conviction and consecutive sentence under § 924(c)

Walker was sentenced to seven years, to be served consecutively to his life sentence, pursuant to 18 U.S.C. § 924(c).  Section 924(c) requires such a consecutive sentence when a defendant brandishes a firearm during a "crime of violence."  *See* 18 U.S.C. § 924(c)(1)(A)(ii).  Section 924(c) defines "crime of violence" to mean an offense that is a felony and that:  (1) "has as an element the use, attempted use, or threatened use of physical force" against another person or his property, or (2) "by its nature, involves a substantial risk that physical force

---

[2]  That remains true after the Supreme Court's recent decision in *Borden v. United States*, 141 S. Ct. 1817 (2021).  In *Borden*, the Supreme Court held that an offense cannot qualify as a violent felony under the ACCA's elements clause if the offense "requires only a *mens rea* of recklessness—a less culpable mental state than purpose or knowledge."  *Borden*, 141 S. Ct. at 1821–22.  Pursuant to that holding, the Court concluded that the defendant's conviction for reckless aggravated assault in violation of Tennessee law did not qualify as an ACCA predicate.  *Id.* at 1822, 1834.  But there is no support for Walker's contention that Florida armed robbery, as defined by Florida Statutes § 812.13 at the time of Walker's convictions in 1989 and 1990, could somehow be accomplished recklessly or negligently.  On the contrary, this Court explained in *Fritts* that the Florida robbery statute requires, and has always required, "resistance by the victim and physical force by the offender that overcomes that resistance."  *Fritts*, 841 F.3d at 943 (citing the Florida Supreme Court's decision interpreting the Florida robbery statute in *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997) (internal quotation marks omitted)).  Walker does not cite any case law suggesting that such force could be employed recklessly or negligently, and the Supreme Court specifically held in *Stokeling* that "the elements clause encompasses robbery offenses" such as Florida robbery "that require the criminal to overcome the victim's resistance."  *Stokeling*, 139 S. Ct. at 550.  Nothing in *Borden* contravenes *Stokeling* on this point.  *See Borden*, 141 S. Ct. at 1822 (citing *Stokeling*).

against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3).  Thus, § 924(c) contains an elements clause and a residual clause.

Walker argues that his sentence under § 924(c) is no longer valid as a result of the Supreme Court's decision in *Davis* striking § 924(c)'s residual clause as unconstitutionally vague, but we are unpersuaded.  Again, § 924(c)'s elements clause remains valid.  *See Johnson*, 576 U.S. at 606.  The sentencing judge applied § 924(c) to Walker based on the jury's determination that Walker had brandished a firearm while committing a federal carjacking in violation of 18 U.S.C. § 2119. The law at the time of Walker's conviction provided that federal carjacking was a crime of violence—and thus a valid § 924(c) predicate—under the elements clause. *See United States v. Moore*, 43 F.3d 568, 572–73 (11th Cir. 1995) (explaining that federal carjacking satisfies § 924(c)'s elements clause because "taking or attempting to take [a car] by force and violence or by intimidation"—as described in the federal carjacking statute, § 2119—encompasses "the use, attempted use, or threatened use of physical force" (internal quotation marks omitted).

This Court later confirmed, post-*Johnson*, that federal carjacking as defined by § 2119 still qualifies as a valid predicate under § 924(c)'s elements clause.  *See In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016) ("[A]n element requiring that one take or attempt to take by force and violence or by intimidation, which is what

20

the federal carjacking statute does, satisfies the [elements] clause of § 924(c), which requires the use, attempted use, or threatened use of physical force"). The Court in *Smith* denied an application to file a second or successive § 2255 petition challenging the constitutionality of a carjacking-predicated § 924(c) conviction under *Johnson* because "regardless of the validity of § 924(c)'s residual clause" the conviction "m[et] the requirements of that statute's [elements] clause." *Id.* at 1281. *See also Granda*, 990 F.3d at 1285 (noting that carjacking in violation of § 2119 "categorically qualifies as a crime of violence under the § 924(c)(3) elements clause and is, therefore, a valid predicate for a [§ 924(o)] conviction"); *In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016) (denying the petitioner's application to file a second or successive § 2255 petition to assert a *Johnson* claim challenging the constitutionality of § 924(c)'s residual clause where the challenged "sentence would be valid" even if § 924(c)'s residual clause is unconstitutional under *Johnson*). The reasoning of *Smith* is controlling here, and it precludes Walker's attempt to challenge the validity of his § 924(c) conviction and sentence based on *Johnson* and *Davis*.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order denying Walker's § 2255 petition.

21